### CATHARINE WALKER *vs.* ST. PAUL CITY RY. Co.

Argued by appellant, submitted on brief by respondent, Nov. 29, 1892. Decided Dec. 29, 1892.

**Second Voluntary Dismissal by Plaintiff of his Action.**

> The amendment found in Ex. Sess. Laws 1881, ch. 26, § 1, to 1878 G. S. ch. 66, § 262, relating to voluntary dismissals of actions by plaintiffs, is simply prohibitory, and a dismissal forbidden thereby does not in itself operate as a determination of the action on the merits.

Appeal by defendant, the St. Paul City Railway Company, from an order of the District Court of Ramsey County, *Cornish,* J., made May 31, 1892, sustaining a demurrer to its answer.

The plaintiff Catharine Walker complained that on July 13, 1889, she received personal injuries from the negligence of defendant's servants while she was a passenger on the Selby Avenue Cable Line in St. Paul, operated by defendant. Defendant answered that she had on December 23, 1889, brought a former action, in the same

court, for the same cause of action, and afterwards, on March 23, 1890, had voluntarily dismissed it, without notice to, or consent of defendant.   That she had on December 13, 1890, brought another action in the United States Circuit Court for the District of Minnesota, for the same cause of action, and afterwards on July 14, 1891, had voluntarily dismissed that also, without notice to or consent of defendant, and that she was thereby, under the statute, barred of this third action.   To this answer plaintiff demurred, that it did not state facts sufficient to constitute a defense.   The trial court sustained this demurrer and defendant appeals.   1878 G. S. ch. 66, § 262, as amended by Ex. Sess. Laws 1881, ch. 26, is as follows:

§ 262.   The action may be dismissed without a final determination of its merits in the following cases; First, by the plaintiff, at any time before trial if a provisional remedy has not been allowed, or counterclaim made, or affirmative relief demanded in the answer: *Provided,* that an action on the same cause of action against any defendant shall not be dismissed more than once without the written consent of the defendant, or an order of the court on notice and cause shown.

*Henry J. Horn,* for appellant.

The plaintiff by her own act, tantamount to a *retraxit* and not a mere nonsuit, has determined the action, and is barred from bringing another action for the same cause.   *Hunsden* v. *Churchill,* 29 Minn. 408; *Murray* v. *McDougall,* 3 N. J. Law, 512; *Merritt* v. *Campbell,* 47 Cal. 542.

The Circuit Court of the United States is within the purview of the Ex. Sess. Laws of 1881.   *Simon* v. *Mann,* 33 Minn. 412; *In re Kittson,* 45 Minn. 197.

A *retraxit* was a voluntary withdrawal by the plaintiff of his suit, and was distinguished from a nonsuit; the latter not being ordinarily a bar to another action for the same cause of action; while a *retraxit* was a bar to another action for the same cause of action.   Bouvier's Law Dic., *Retraxit.*

*J. F. George* and *John A. Lovely,* for respondent.

The statute which forbids a second dismissal without notice or consent, regulates proceedings in the courts of this state.   It is idle

to claim that the legislature had the power or has attempted to exercise control over the Federal Courts. The practice in the Federal Courts in common law cases conforms as near as may be to the practice in courts of record of the state where the Federal Court is held; but this does not alter the effect of our statute. *Stanton* v. *Embrey,* 93 U. S. 548.

The attempted dismissal or even a dismissal by consent in the Federal Court would not be a final determination of the controversy upon the merits. A dismissal before final judgment, entered by plaintiff or the court, is no estoppel or bar to another action on the same facts. *Andrews* v. *School District,* 35 Minn. 70.

COLLINS, J. One of the defenses set forth in the answer herein was, in effect, that in the year 1890 plaintiff had brought an action in one of the district courts of this state for the same cause of action alleged in her complaint, and had dismissed the same on March 23, 1890; that later in the year 1890 she had brought another action in the United States circuit court, district of Minnesota, on the same cause of action, and had dismissed the same on July 14, 1891, without the consent of the defendant, without any notice to it, and without any cause being shown for such dismissal. These matters were alleged in bar of plaintiff's right to further prosecute her action, and a general demurrer to this defense was interposed by her counsel. From an order sustaining this demurrer, defendant appeals.

The subject of dismissals of civil actions in this jurisdiction was regulated by legislative enactment in territorial days, 1851 R. S. ch. 70, § 162, by a statute in substance the same as that now in force. All modes of dismissal by nonsuit or otherwise, except those prescribed in said section 162, were then abolished. By the first subdivision of the section the right to dismiss at any time before trial, and without a final determination of the merits, was expressly conferred upon the plaintiff in cases where a provisional remedy had not been allowed, or a counterclaim made. By Laws 1878, ch. 22, § 1, this subdivision was amended, and the right to dismiss denied where affirmative relief had been demanded in the answer. By Ex. Sess. Laws 1881, ch. 26, § 1, the then existing law, 1878 G. S. ch.

66, § 262, was amended by attaching a proviso "that an action on the same cause of action against any defendant shall not be dismissed more than once without the written consent of the defendant, or an order of the court on written notice and cause shown." It is argued in behalf of defendant that, as it was alleged in the answer to have been without its consent, and without notice to it, and without cause shown by the plaintiff, the dismissal in the federal court—stated to have been the second dismissal—was not allowable as a simple nonsuit or discontinuance, but that plaintiff's act in so dismissing was tantamount to a *retraxit*, as known at common law, whereby she has determined her rights, and has been forever barred from bringing another action for the same cause. A *retraxit* at common law was an open and voluntary renunciation by the plaintiff in open court of his suit or cause of action, and on the entry of judgment thereon by defendant the plaintiff's right of action was forever gone. It has long been practically obsolete in England, (Chit. Gen. Pr. 1515,) and certainly has never been recognized in this state or the earlier territory. If this be the effect of the dismissal in question under a proper construction of the amendment of 1881, the order appealed from cannot be upheld. We assume that the present statute can be applied to actions in federal courts, or, rather, that its provisions are applicable in actions brought in the state tribunals after having been commenced in the federal, and then voluntarily dismissed by plaintiffs; so that, with this assumption, the case in hand is brought directly within the operation of the amendment, precisely as if the second dismissal had been in a state, instead of a federal, court. We have, then, to ascertain the scope of the amendatory act. Was it the intent of the legislature to give to a second dismissal by a plaintiff the effect of a determination on the merits, so that his right of action was forever gone, or was it the purpose to merely prohibit more than one dismissal, and thus to simply place plaintiffs who had once rightfully dismissed an action in the same category with those in whose cases a provisional remedy had been allowed, or a counterclaim made, or affirmative relief demanded in the answer? No one would claim, if a plaintiff of the last-mentioned class should attempt to dismiss, or should actually, although wrong-

fully, dismiss, his action, that the defendant could treat the attempt or real dismissal as equivalent to a determination upon the merits. Prior to 1881, there seems to have been no limit to the number of times a plaintiff could dismiss and again commence, unless certain conditions had arisen in his case. There was no other limitation to his right or restriction upon it, and this situation was evidently by design, for the manifest office and purpose of section 262 was to remove all doubt, and to absolutely prevent dismissals—by consent or voluntarily—from having the effect of a common law *retraxit*. This design is so obvious that no court should undertake to construe doubtful and uncertain amendatory language as intended to overturn and to bring about a result directly opposed to that produced by the plain and certain terms of the parent statute. The amendment of 1881 was prohibitory only, and, if so, the voluntary, and perhaps ineffectual, dismissal by plaintiff in the federal court did not operate in itself as a bar to the bringing of another action for the same cause. We do not regard this conclusion as tending to frustrate the object of the amendment, and to render it a dead letter, as suggested by counsel for appellant.

Order affirmed.

(Opinion published 53 N. W. Rep. 1068.)