GAAR, SCOTT & COMPANY v. ADAM FRITZ and Another.[1]

February 25, 1895.

No. 9179.

**Action on Implied Contract—Setting up Express Contract.**
Upon the pleadings and evidence in this case, *held* that, when the plaintiff rested, the trial court was justified in dismissing the action.

Appeal by plaintiff from an order of the district court for Ramsey county, Kelly, J., denying a motion for a new trial. Affirmed.

*Steele & Rees*, for appellant.

*S. P. Crosby*, for respondents.

BUCK, J. The complaint in this case is very brief, and therein it is alleged that on or about August 15, 1893, the plaintiff sold and delivered to the defendants, and each of them, at their special instance and request, one swinging stacker of the reasonable value of $200, and that no part of said sum had been paid, although the whole thereof had often been demanded. Judgment is demanded for that sum and interest. The defendants answered separately, each setting up substantially the same defense, except that the defendant Edward Fritz alleged that he was a minor. The answers allege that the defendants gave plaintiff a written order for a stacker, which was to be first class in all respects as to make and its workings, for which they were to pay $155 on December 1, 1893, but that said stacker was incomplete when delivered to defendants; that it was made of bad materials, and could not be operated; that it was of no practical value; and that they offered to return the machine to the plaintiff. The reply set up the written order dated July 31, 1893, given by the defendants, which is quite lengthy, and contains many provisions and conditions, and provides that the defendants shall execute a note for $155 for said machine, payable to plaintiff December 1, 1893, and shall secure the same by a mortgage upon the machinery. Upon the trial the court below dismissed the action upon motion of the defendants.

It will be observed that the complaint is one for the reasonable

[1] Reported in 62 N. W. 391.

price of the stacker, viz. $200, alleged to have been sold and delivered to the defendants.    The terms of the order squarely contradict the allegations of the complaint as to the value or price to be paid for the machine.    The evidence is quite as indefinite and confused as the pleadings.    If there was any contract of sale it was by reason of plaintiff's acceptance of the written order. This it repudiates, and attempts to recover upon an implied contract the reasonable value of the stacker, alleged to be the sum of $200, while by the terms of the written order the price agreed upon was to be only $155.    It is admitted that there was no express contract between the parties except that pleaded in the reply.    The evidence fails to show that the defendants took the machine in any way, except as authorized by the written contract, viz. upon the written order, and its acceptance by plaintiff.    The plaintiff failed to prove the allegations in the complaint, and upon the trial its counsel expressly stated that the defendants committed a trespass when they took the machine away, and that they took it without consent of the plaintiff.    If that statement was true (and plaintiff ought not to be heard to deny it), then it should not be allowed to recover in the form of action upon implied contract, especially where, in its reply, it alleges that, if there was any contract, it was an express one.    If there was a wrongful taking, plaintiff cannot recover, for it failed to show that both or either one of the defendants took the machine wrongfully.    We are of the opinion that the plaintiff, by its reply, and its own evidence, failed to sustain the cause of action alleged in the complaint, and that upon this ground the trial court was justified in dismissing the action.

The order denying the motion for a new trial is therefore affirmed.

CANTY, J.    I concur in the result, but am of the opinion that, if the stacker had been wrongfully taken by defendants, plaintiff could waive the tort, and sue on implied contract, as it attempted to do; but it has failed to prove that the stacker was wrongfully taken.    I am also of the opinion that, if it appeared that the defendants had refused to perform the contract on their part by executing the note for the price of the stacker when the same was delivered to them, the plaintiff could rescind the contract, and sue on an implied contract, as it has done.    See notes to Cutter v. Powell,

2 Smith, Lead. Cas. (8th Ed.) 23. But "the refusal which is to authorize the rescission of the contract must be an unqualified one." Id. It does not appear that the note in question was ever demanded.