E. A. WHEELER v. LEONARD GORMAN and Others.[1]

July 16, 1900.

Nos. 12,135—(67).

**Adverse Possession—Evidence.**

Title to land by adverse possession may be shown by payment of taxes thereon, and notorious and continued assertion of claim thereto, by the claimant, in connection with the best and most practicable use of the soil for which it is adapted, uninterruptedly, for the limitation period provided by statute.

**Same—Findings.**

The findings of fact by the trial court considered, and *held* to show sufficient evidence of adverse possession in the defendants, for a period longer than fifteen years, to require the legal conclusion that the title to the land in dispute had been established thereby.

**Same—Legal Conclusion from Facts Found.**

Where the specific facts are found in detail by the trial court, a general conclusion which is clearly an inference from such specific findings must be controlled thereby.

Action in the district court for Houston county to determine adverse claims to real estate against defendant Gorman, and all other persons or parties, unknown, claiming any right, title, estate, lien or interest therein. The case was tried before Kingsley, J., who found in favor of plaintiff. From a judgment entered pursuant to the findings, defendants Gorman and Ott appealed. Reversed.

*Miller & Wolfe* and *James O'Brien*, for appellants.

*Duxbury & Duxbury*, for respondent.

LOVELY, J.

Action under the statute to determine adverse claims to four lots located on an island in the Mississippi river, under the claim that the same were vacant and that plaintiff was the owner in fee simple. Defendants deny the ownership, and set up title by adverse possession continuing to and including the present time. Upon the trial the court below found, specifically and in detail, facts consti-

[1] Reported in 83 N. W. 442.

tuting the alleged adverse possession; also, as a conclusion of law, held that plaintiff was entitled to judgment determining the adverse claim of defendants against them,—and ordered judgment accordingly.

We are unable to agree with the learned trial court in the legal conclusions reached upon the specific facts so found. The evidence in the case has not been preserved by a bill of exceptions or settled case, but the trial court has, with most commendable painstaking care and impartiality, extracted from the evidence all the issuable facts constituting the adverse possession upon which defendants rely; and, as we view such facts, they are conclusive of defendants' right, and enable us to dispose of this contest as satisfactorily as it is possible in any matter of the kind.

Title from the government was traced to plaintiff, but in 1856 a tax deed, invalid and ineffectual to convey title, although correctly describing the property, was issued to Leonard Gorman and Barbara Ott. Barbara Ott died, leaving the defendant Charles Ott and the wife of defendant Gorman her sole heirs at law, who claimed whatever interest the grantees in such tax deed had in the land. The land itself was part of an island in the Mississippi river, two miles wide and seven miles long, subject to overflow in time of high water. A large part is flooded annually,—sometimes twice a year. At ordinary stages of water the river flows between the eastern side and the Wisconsin shore. A portion of the island is not completely flooded, save once in three or four years. At ordinary stages of water the island can be approached by land from the Minnesota side, but in times of high water it is only accessible by boat. It is chiefly valuable for timber, by which it was originally covered, and is also useful for pasture, and in spots for meadow. Whenever it is overflowed in summer, the grass on the meadow land is spoiled for hay, and no part of it is profitable for crops.

Since the time the tax deed was issued, the defendant Gorman and Mrs. Ott (while living, and since her death her heirs) have claimed to own the land described in the tax deed. This claim of ownership has at all times been public and notorious, and ever since 1866 defendants have each year paid the taxes. In 1867 defendant

Gorman erected a wood chopper's cabin on the land, and every year since that time has cut wood thereon for sale and for his own use. Twenty years ago such cabin became uninhabitable and went to decay. Each year the land has also been used by defendant Gorman for pasture of his stock, which were not confined to the particular land in question, but grazed over the whole island, with stock of other parties, until 1888, when the premises were partially fenced. Defendant Gorman has each year, for more than twenty years, cut grass in spots on the land, and during some years has stacked hay thereon for his stock. In 1879, with his permission, a third party built a small house thereon, which was injured by the flood of 1880 and was removed. In 1888 the defendant Gorman constructed on the land a small one-roomed, shingle-roof house, of rough lumber, and built a fence around the same, which house and fence have remained there ever since, and have been temporarily occupied by him, his wife, and sometimes by others with his permission. A shed was also erected since 1888 for defendant's stock. In the fall of 1896 defendant inclosed the entire land with a post and wire fence; approximately upon the lines, except upon the west side, where some land included in the description is not inclosed.

It was further found by the trial court that the acts of defendant in the use and occupancy of the land as above set forth were solely for the purpose of removing the natural products of the soil, and not for continuous occupancy or improvement. In addition to the facts above set forth, the trial court also found "that defendants have not, nor have either of them, during fifteen years prior to the commencement of this action, been in the actual, open, notorious, exclusive, distinct, and continuous possession of said lands or any part thereof."

It is claimed that these two findings are conclusive against defendants' adverse possession, and, if this were the only conclusion on the subject drawn by the court below from the evidence, it would demand that construction; but in view of the general nature of these findings, as well as of the specific facts which had been actually and with utmost care set out in detail as above stated, in the previous findings, we must conclude that the same was an inference

from the detailed facts already adopted by the trial court, and, if inconsistent with them, the former must control.

The occupancy necessary to constitute adverse possession must have relation to the character of the land, the uses to which it can be adapted and for which it is appropriate, as well as the assertions of right made thereto by the person claiming such possession. Actual occupancy or residence on the premises is not essential. Dean v. Goddard, 55 Minn. 290, 56 N. W. 1060. While the tax deed of 1866 was void, it correctly described the land, and for that purpose was useful, as indicating the location of the property to which defendants have asserted their claim ever since; and, although the defendants did not live upon the land during the whole time since the acquisition of the tax title, they exercised acts of dominion over it, and such acts of ownership in connection with the only use of the premises continuously for which it was practically beneficial, in view of its adaptation to use and cultivation, must have been sufficient to have given notice to the owner of the government title that defendant was asserting an adverse claim thereto. During all of this time (thirty years) the owner of the legal title allowed the defendants to pay taxes and assert such acts of ownership, without making any interference or claim thereto; and it is now, in our judgment, too late for him to assert the same against the manifest acts of possession, and apparently the only acts of ownership, which from year to year defendants could, in the nature of things, make in respect to the premises, extending over a period much longer than is required by the statute to determine adverse possession against him. Costello v. Edson, 44 Minn. 135, 46 N. W. 299.

The cause is remanded to the district court, with directions that judgment be entered in favor of defendants, awarding them the title to the land in dispute.

Judgment reversed.