## CAROLINE HOLMGREN v. PETER ISAACSON.[1]

### April 24, 1908.

### Nos. 15,517—(17).[2]

**Adverse Possession.**

Action to determine adverse claims to real estate. The trial court found that the defendant was the owner of the land by adverse possession. *Held*, that the pendency of a former action by the defendant against the plaintiff herein to determine her adverse claims to the land in dispute, in which she affirmatively alleged in her answer that she was the owner in fee of the land, and prayed judgment determining her title thereto and quieting it against all claims of the defendant, which action was afterwards dismissed on her motion, the plaintiff therein consenting, did not interrupt the continuity of his adverse possession of the land, and, further, that the finding of the trial court is sustained by the evidence.

Action in the district court for St. Louis county to determine adverse claims to certain real estate. The case was tried before Ensign, J., who found as conclusion of law that the defendant was entitled to a judgment that he was the owner in fee of the premises in dispute. From an order denying her motion to amend the findings or for a new trial, plaintiff appealed. Affirmed.

*Daniel G. Cash* and *J. B. Richards,* for appellant.

*Baldwin, Baldwin & Dancer,* for respondent.

START, C. J.

On February 3, 1906, the plaintiff commenced this action in the district court of the county of St. Louis to determine adverse claims to eighty acres of land. The complaint alleged that the plaintiff was the owner in fee of the land, that it was vacant and unoccupied, and that the defendant claimed an estate or interest therein adverse to the plaintiff. The answer admitted that the defendant claimed an estate in the land adverse to the plaintiff, and put in issue the other allegations of the complaint, and alleged that the defendant was the owner of the land in fee, and was and had been in the actual possession thereof for the past seventeen years. The trial court made findings of fact and conclusions of law to the effect that the defendant was the owner in

---

[1] Reported in 116 N. W. 205.          [2] April, 1908, term calendar.

fee of the land by adverse possession thereof for more than fifteen years next before the commencement of this action. The plaintiff appealed from an order denying her motion for a new trial.

The assignments of error raise the general question whether the evidence is sufficient to support the finding of the trial court as to the defendant's adverse possession. The evidence is conclusive that the plaintiff was the owner of the land in fee, unless her title has been divested by the defendant's adverse possession.

The evidence tends to show that the defendant purchased the land, April 27, 1886, of a third party, who claimed to own it, but did not; that the defendant paid $300 for the land, its full value, received a quitclaim deed therefor from such supposed owner, and in good faith went into possession thereof under his deed in the year 1889; that all of the land, except one and one half acres, which is hay land, is rough and unsuitable for cultivation, and only suitable for pasturage; that no buildings of any kind have ever been constructed on the land, the defendant's house, which he occupied during all the time stated, being on a forty-acre tract owned by him and which cornered on the land in question; that he built a fence from the forty acres on which his house was located across two parcels of vacant land that he did not own, and along the east line of the land in dispute to the right of way fence of a railroad company, whereby a portion of the land in dispute was enclosed; that the defendant each season used the land for pasturage; that at all times after the defendant took possession of the land in dispute he made such beneficial use thereof as was reasonably practicable in view of the character of the land; that the plaintiff, by the action hereinafter referred to, had actual notice, as early as January, 1890, that the defendant claimed to be the owner of the disputed land and to be in possession thereof; and, further, that the defendant paid the taxes on the land for thirteen years and offered to pay them for the balance of the time. We shall not discuss the evidence, for we are clearly of the opinion that, unless the continuity of the defendant's adverse possession was interrupted by the action referred to, the evidence is ample to sustain the finding of the trial court as to the defendant's adverse possession. See Costello v. Edson, 44 Minn. 135; 46 N. W. 299; Dean v. Goddard,

55 Minn. 290, 56 N. W. 1060; Wheeler v. Gorman, 80 Minn. 462, 83 N. W. 442; Dunnell (Minn.) Pr. § 251.

This brings us to the question whether the continuity of the defendant's adverse possession was interrupted during the pendency of an action between the parties relating to the disputed land. The facts relevant to this question are these: On January 6, 1890, the defendant herein commenced an action against the plaintiff herein in the district court of the county of St. Louis to determine adverse claims to the land here in question. The complaint alleged that the plaintiff, Peter Isaacson (the defendant herein), was the owner in fee and in possession of the land here in dispute, and demanded that his title be quieted. The defendant therein, Caroline Holmgren (the plaintiff herein), answered, denying the allegations of the plaintiff's complaint, and alleging that she was the sole owner of the land, and asking judgment that her title to the land be quieted free from all claims of Isaacson (the defendant herein) upon the same. This action remained undisposed of until January 13, 1906, when it was dismissed on motion of the defendant therein (the plaintiff herein), with the consent of the plaintiff (the defendant herein), for want of prosecution. The action was pending for some sixteen years, and, if such pendency interrupted the continuity of the defendant's adverse possession of the land, it follows that the defendant has not acquired title thereto by adverse possession.

It is here claimed by the plaintiff that the pendency of the former action did interrupt or suspend the adverse possession of the defendant. It is true that, whenever a person is prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right. St. Paul, M. & M. Ry. Co. v. Olson, 87 Minn. 117, 91 N. W. 294, 94 Am. St. 693. This rule, however, has no application to the case at bar, for the plaintiff was at no time prevented by any paramount authority from exercising her legal remedy to have the defendant's claim to the land determined and to have her own alleged title thereto determined and quieted as against the defendant. She had the legal right at all times to bring the pending action to trial and judg-

ment; but she not only failed so to do, but she procured a dismissal of the action without any determination of her alleged rights.     :

It is also true that the commencement of an action interrupts the running of the statute of limitations during its pendency, provided the action is prosecuted to final judgment; but, if the action is dismissed without any determination of it on the merits, it is otherwise, in the absence of a statute to the contrary. Wood, Lim. § 272. We have no such statute. The position of the plaintiff herein as defendant in the former action was not merely a negative one, for by her. cross-action or counterclaim she tendered an issue as to her own title and sought to have it adjudicated and quieted in that action. She was, in legal effect, as to such cross-action or counterclaim, a plaintiff, and the action could not have been dismissed without her consent. Therefore the rule that the pendency of an action which is dismissed without a final judgment on the merits does not interrupt the running of the statute of limitations, applies in this case to the plaintiff. We hold that the continuity of the defendant's adverse possession was not broken by the pendency of such former action.     ·

It is urged by the plaintiff that it is wholly immaterial whether her answer in the former action was simply a general denial or a counterclaim as to her own title, for the reason that on the trial she might have elected to have stood on her general denial. This claim is unsound, for by pleading her own title as a counterclaim and asking to have it adjudicated she prevented a dismissal of the action without her consent. Therefore her counterclaim was not a mere incident to her defense.

It is further claimed on her behalf that the case of Backus v. Burke, 63 Minn. 272, 65 N. W. 459, is decisive of the plaintiff's claim in her favor that the former action interrupted the continuity of the defendant's adverse possession. The decision in the case cited does not support the plaintiff's contention, for the reason that the right of possession was directly involved in that action, which is not the case in the former action here relied upon. Again, all that was said in that case as to interruption of the statute of limitations by the pendency of an action was said in the original and then pending action, and was based upon the hypothesis that the action might result in a final judgment establishing the defendant's title to the land in ques-

tion. This is apparent from the language used by the court, namely: "Whether or not the commencement of such litigation, which subsequently results in an adjudication establishing the defendants' right, would in every case stop the running of the statute of limitations against that right, it is not necessary here to decide. * * * If this action should result in a judgment establishing the existence in the defendants of the share which descended to Ida (the grantor of the defendants), the entry of that judgment cannot be defeated by the claim that the statute of limitations has run since the commencement of the action."

The last contention of the plaintiff is that the dismissal of the former action was, in effect, a final judgment adjudicating that the plaintiff therein had neither the title to nor possession of the land. The record does not justify this contention. R. L. 1905, § 4195; Walker v. St. Paul City Ry. Co., 52 Minn. 127, 53 N. W. 1068.

Order affirmed.