# LUKA KAPPA v. PAUL LEVSTIK.[1]

December 5, 1913.

Nos. 18,479—(75).

**Appeal barred by counsel's assent.**

Where the court dismissed an action orally at the trial, and counsel for plaintiff assented in open court to such disposal of the case, such assent was a waiver of any error on the part of the court and prevented a subsequent appeal so long as the record indicated his acquiescence. [Reporter].

[1] Reported in 144 N. W. 137.

Action in the district court for St. Louis county to recover $125 for services rendered to defendant. The answer set up an express agreement and a counterclaim for the breach thereof in the sum of $206.94. The case was tried before Hughes, J., who, when plaintiff rested, denied plaintiff's motion to amend his complaint. From an order denying plaintiff's motion to set aside the statement of his counsel relative to the dismissal of the action and to grant a new trial, he appealed. Affirmed.

*Charles R. Woods*, for appellant.

*Arnold & Pickering*, for respondent.

PER CURIAM.

This action was brought to recover upon an alleged implied contract. The evidence disclosed an express contract. At the close of plaintiff's case defendant moved to dismiss. The court held, applying the rule stated in Ecker v. Isaacs, 98 Minn. 146, 107 N. W. 1053, and Gaar, Scott & Co. v. Fritz, 60 Minn. 346, 62 N. W. 391, that since plaintiff set up in his complaint an implied contract, no recovery could be had upon the express contract shown by the evidence. Plaintiff asked to amend the complaint by alleging an express contract. The request, though it might well have been granted, was denied and the action dismissed. Plaintiff assented to that disposition of the case, as shown by the record. After the court had indicated its theory of the case, and that the action should be dismissed, counsel for plaintiff stated, in answer to a question by the court whether he desired a stay of proceedings, "No, your honor, I think I will commence the action right over again. The plaintiff's case may be dismissed and no stay granted." To which the court replied, "That disposes of this case," and the jury was then excused.

If this of itself did not amount to a voluntary dismissal of the action by plaintiff, it was an acquiescence in the order of the court and a waiver of any error that might otherwise have been predicated thereon. While it is true that upon subsequent reflection counsel for plaintiff concluded that the case had been improperly dismissed, and moved the court for a new trial, at the same time moving the court to strike from the record the consent to the dismissal, the court denied both motions; thus leaving in the record the consent or acquiescence as above stated. No error therefore can be predicated upon the order of the court, because expressly assented to by counsel. 4 Am. & Eng. Enc. (2d ed.) 356.

Order affirmed.