### JOHN BRENNAN v. THOMAS KEATING.[1]

December 24, 1914.

Nos. 18,903—(138).

**Pleading prior dismissal as bar to subsequent action.**
    Demurrer held properly sustained to the specific defense, based primarily on G. S. 1913, § 7825, of two prior dismissals, without defendant's consent, of actions against him upon the same cause of action herein involved.

Action in the district court for Crow Wing county to recover $24,898.36 for professional services in reference to exploring, developing and leasing mineral lands owned by defendant. From an order, Wright, J., sustaining plaintiff's demurrer to paragraph 10 of the answer, defendant appealed. Affirmed.

*M. E. Ryan* and *W. P. Crawford,* for appellant.
*John Brennan, pro se.*

PHILIP E. BROWN, J.
Appeal by defendant from an order sustaining a general demurrer to a paragraph of the answer.

1 Reported in 150 N. W. 397.
    128 M.—4.

The substance of the allegations demurred to is: That prior to the bringing of the present action, plaintiff successively instituted two others against this defendant upon the same cause of action herein involved, the first being in the United States District Court for Minnesota and the other in a Wisconsin state court having jurisdiction of parties and subject matter, and that he voluntarily dismissed the first without defendant's consent and against his objection, such dismissal being entered of record as a judgment in the cause, and having thereafter brought the second he likewise, upon the disagreement of the jury to which it was tried, voluntarily dismissed it without notice to or consent of defendant, and procured an order of dismissal from the court; wherefore he has forfeited his right to and cannot now maintain this action.

Defendant's main contention in support of his pleading is based on G. S. 1913, § 7825, which provides:

"An action may be dismissed, without a final determination of its merits, in the following cases: (1) By the plaintiff at any time before the trial begins, if a provisional remedy has not been allowed, or a counterclaim made or other affirmative relief demanded in the answer: *Provided,* that an action on the same cause of action against any defendant shall not be dismissed more than once without the written consent of the defendant or an order of the court on notice and cause shown. * * * The dismissal mentioned in the first two subdivisions is made by an entry in the clerk's register and notice to the adverse party."

In Walker v. St. Paul City Ry. Co. 52 Minn. 127, 53 N. W. 1068, this court held demurrable the specific defense, based on this same statute, of two prior dismissals of actions against defendant therein upon the same cause of action, the first in a district court of this state and the second in the United States Circuit Court therefor; both dismissals being without notice to or consent of defendant and the latter without cause shown. That case is, in any event, controlling; and, notwithstanding defendant's vigorous contention that it should be overruled, we decline to do so.

Moreover, the present case does not involve two prior dismissals within the meaning of the statute. The latter does not contemplate

actions in another state.    Hence the Wisconsin action, the pendency of which, by the way, would not have been ground for abating a subsequent action in this state (Sandwich Mnfg. Co. v. Earl, 56 Minn. 390, 57 N. W. 938), must be left out of consideration; so that, even were we to accept defendant's construction of the statute, his answer alleged but one prior dismissal within its purview.    Nor can it be taken as showing a dismissal of the Wisconsin action on the merits.

In the Walker case the court assumed, for the purposes of discussion, that the action in the Federal court should be treated as though it had been in a court of this state; but we have no occasion here to consider the correctness of that assumption.

Order affirmed.