Clyde **NEAL**, Plaintiff-Appellant,

v.

**KREY PACKING COMPANY**, Defendant-Respondent.

No. 33747.

St. Louis Court of Appeals, Missouri.

Oct. 27, 1970.

Morris B. Kessler, LeRoy M. Steiner, St. Louis, for plaintiff-appellant.

R. C. Reis, St. Louis, for defendant-respondent.

CLEMENS, Commissioner.

The ultimate issue here is whether the dismissal of plaintiff's compensation claim

for want of prosecution was an "award" which would thereby require plaintiff to apply for review by the Industrial Commission within 20 days after the dismissal. We hold the dismissal was not an "award" and therefore plaintiff was not then compelled to apply for review. § 287.480, V.A.M.S. The chain of events follows.

The Division of Workmen's Compensation Referee dismissed plaintiff's claim for failure to prosecute. After reciting plaintiff's failure to appear and defendant's oral motion to dismiss for want of prosecution the Referee ruled: "IT IS ORDERED, therefore, that the claim herein of Clyde Neal, employee, against Krey Packing Company is hereby dismissed."

Plaintiff promptly filed with the Referee a motion to set aside the dismissal. The motion rested in limbo for over a year. Then came the ruling that is the crux of this appeal. The Referee denied plaintiff's motion to set aside the dismissal "for the reason that the Division of Workmen's Compensation lacks jurisdiction to hear such motion inasmuch as the statutory time for setting aside orders has long passed." We will return to this ruling after relating the proceedings that followed.

After the Referee denied jurisdiction over plaintiff's motion to set aside the dismissal plaintiff promptly applied for review by the Industrial Commission. The Commission found that plaintiff's motion should be decided on its merits, rather than on jurisdictional grounds, and ordered it set down for hearing before the Commission. The defendant then appealed to the Circuit Court, which has appellate jurisdiction not only from the Industrial Commission's final awards but also when it acts in excess of its jurisdiction. § 287.490, subd. 1(1), V.A.M.S.

Agreeing with the Referee, the Circuit Court found on appeal that plaintiff should have applied for review by the Industrial Commission within 20 days after the referee dismissed his claim, rather than waiting until 20 days after the Referee denied

his motion to set aside the dismissal. The Circuit Court held therefore that the Industrial Commission had no jurisdiction to review the denial of plaintiff's motion to set aside. Accordingly, the Circuit Court reversed the Commission's order for a hearing on the merits of plaintiff's motion and ordered plaintiff's claim dismissed. Plaintiff then appealed here.

The determinative issue revolves around the legal effect of the Referee's original order dismissing plaintiff's claim for want of prosecution. If the dismissal was an "award" the plaintiff had to apply to the Industrial Commission for review within 20 days. § 287.480, V.A.M.S. If it was not an "award" the ruling was not then reviewable by the Industrial Commission. We hold that the Referee's order dismissing plaintiff's claim for want of prosecution was not an "award" since it neither granted nor denied compensation. Two Missouri cases support our conclusion.

Hugelman v. Beltone Kansas City Hearing Service Co., Mo.App., 389 S.W.2d 220 [1, 2], concerned a widow's voluntary dismissal of a claim for workmen's compensation. The court said: "The dismissal was without prejudice, and there was no determination of any·rights or issues." More akin to our case is Silas v. ACF Industries, Inc., Mo.App., 440 S.W.2d 189 [1–3]. There, as here, the claimant failed to appear for a hearing on his claim and the Referee ordered "that claimant's claim for compensation filed on the date set out above is hereby dismissed." We denied this was an adjudication of plaintiff's claim, thus holding in effect that the dismissal was not an award. We said: " * * * § 287.550, RSMo 1959, V.A.M.S. provides that all proceedings before the Commission shall be simple, informal and summary, and that no defect or irregularity therein shall invalidate the same. And our courts have repeatedly held that procedural rights are considered as subsidiary and substantive rights are to be enforced at the sacrifice of procedural formality * * * Secondly, the employer maintains

that the order of May 6, 1965, was an adjudication on the merits of the first claim because the dismissal was with prejudice. In support of that part of its argument the employer cites § 510.150, which provides in general that an involuntary dismissal shall be with prejudice unless the court in its order for dismissal shall specify otherwise. The answer to that argument is that our Code of Civil Procedure, including Civil Rule 67.03, V.A.M.R., which superseded § 510.150, is not applicable to proceedings under our Workmen's Compensation Law. (Citing cases)."

We hold that the Referee's order dismissing plaintiff's claim for want of prosecution was without prejudice and hence not an award. It follows that the plaintiff was not then compelled to seek a review by the Industrial Commission within 20 days. The Referee erred therefore in disclaiming jurisdiction over plaintiff's motion to set aside the dismissal. The Referee's denial of jurisdiction left plaintiff nowhere to go except to the Industrial Commission for review. Plaintiff did this within 20 days. The Commission did not pass on the merits of plaintiff's motion, but properly ordered it set down for hearing. Hence, the Circuit Court erred in reversing the Industrial Commission's order and in dismissing plaintiff's claim.

The judgment of the Circuit Court is reversed with directions to remand the cause to the Industrial Commission to adjudicate on its merits the plaintiff's motion to set aside the dismissal of his claim.

PER CURIAM.

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, the judgment is reversed and the cause is remanded to the Circuit Court with instructions to remand the cause to the Industrial Commission for an adjudication of plaintiff's motion to set aside the dismissal of his claim.

WOLFE, P. J., and BRADY and DOWD, JJ., concur.