Anthony E. DeMARS, Relator,

v.

ROBINSON KING FLOORS, INC., et al., Respondents.

No. 46961.

Supreme Court of Minnesota.

July 8, 1977.

Robins, Davis & Lyons and Arnold M. Bellis, St. Paul, for relator.

Hansen, Dordell & Bradt, Gene P. Bradt and William M. Bradt, St. Paul, for respondents.

Heard before SHERAN, ROGOSHESKE and MacLAUGHLIN, JJ., and considered and decided by the court en banc.

MacLAUGHLIN, Justice.

Relator-employee, Anthony E. DeMars, requests review of a decision of the Worker's Compensation Court of Appeals denying reinstatement of employee's claim for compensation, and refusing employee's request for reargument. The court of appeals decision was based upon its finding that employee's claim, after having been dismissed at the request of employee's attorney, was barred by the statute of limitations. We affirm.

The basic facts in this case are not in dispute. On December 29, 1971, the employer, Robinson King Floors, Inc., filed a

first report of injury with the commissioner of the Department of Labor & Industry giving notice of an alleged injury to its employee, DeMars. A second report of injury was subsequently filed, stating that DeMars, a carpet and linoleum layer, had undergone surgery by Dr. Richard J. Johnson, for his injured left knee. The employer and its insurer, Agricultural Insurance Co., filed a notice of denial of liability on January 7, 1972.

On May 31, 1972, employee filed his claim petition alleging injury to his left knee incurred from August through November 1971. The employer and insurer's answer denied liability and alleged that employee's disability and subsequent surgery resulted from rheumatoid disease, unassociated with his employment.

Subsequently, on July 24, 1972, the matter proceeded to pretrial conference before Compensation Judge Robert B. Humm. Because employee had failed to file any supporting medical opinion from his physician, Dr. Clyde M. Warner, an orthopedic surgeon, to substantiate his claim for compensation, Judge Humm issued an order of continuance, filed on August 10, 1972. This order directed employee's counsel to advise Calendar Judge George A. Kurtz when the matter was ready for hearing and stated in part:

"* * * [S]aid matter is continued on the hearing calendar of pending cases * * * subject to be set for actual hearing without the necessity of pretrying said matter, providing Counsel for the petitioner file Dr. Clyde M. Warner's medical report in support of the petitioner's claim for compensation."

On May 6, 1974, when employee's attorney still had not filed the requested medical information, Judge Kurtz wrote to employee's attorney, stating that there had been no compliance with the order of continuance. Judge Kurtz asked to be advised whether the matter was to be reinstated on the calendar or whether it could be dismissed. The letter concluded:

"* * * If I do not hear from you within 30 days from the date of this letter, it will then be necessary for me to issue an order dismissing the same for lack of prosecution."

Subsequently, on June 4, 1974, employee's attorney requested a 60-day extension of time and on July 5, 1974, requested an additional 30 days in which to secure a favorable report from Dr. Warner on the issue of causal relation. However, 6½ months later the attorney still was unable to provide the necessary medical information. Therefore, on December 23, 1974, employee's attorney filed a dismissal of employee's claim petition, accompanied by a letter to Judge Kurtz which explained:

"I am enclosing a dismissal of the above matter. The negative diagnosis of Dr. Johnson seems to prohibit a positive finding by the other doctors that Mr. DeMars has consulted, in view of that situation we can only dismiss the matter."

Pursuant to this request for dismissal by employee's attorney, Judge Kurtz ordered dismissal of the claim petition on January 2, 1975.

At the time of the dismissal of his claim, employee was working for another company as a carpet layer, but had continued seeing Dr. Warner for the care and treatment of his continuing left knee condition. In June 1975, employee injured his right knee for which he received disability compensation from his new employer. Dr. Warner arranged for surgery on the right knee in September 1975, and at that time employee contacted his present attorneys who began an investigation of the 1971 left knee injury. The new attorneys conferred with Dr. Warner who recommended evaluation by an internist, Dr. Roger S. Colton. As a result of a report from Dr. Colton, Dr. Warner finally agreed on January 30, 1976, to "go along with the W/C claim."

On February 6, 1976, employee petitioned to have his dismissed claim reinstated on the trial calendar. The petition to reinstate was denied by order of Judge Kurtz on February 17, 1976, and employee filed a notice of appeal with the court of appeals on February 23, 1976. A hearing was held

on May 24, 1976, and on June 2, 1976, the order denying reinstatement of employee's claim was affirmed.

In its opinion the court of appeals found that employee's failure to prosecute was due to his inability to obtain medical substantiation of his claim, that it was employee's attorney who had requested dismissal of the claim petition after 30 months of failure to obtain supporting evidence, and that under the circumstances the dismissal was reasonable and proper. The court of appeals concluded that once the claim petition had been dismissed, it was as if it had never been filed. Therefore, further proceedings were barred by the 2-year statute of limitations, which commenced to run from the date of employer's filing of the first report of injury. Minn.St. 1971, § 176.151(1). Employee petitioned for a writ of certiorari following the denial of his petition for reargument.

1. We must first decide whether the dismissal of employee's claim petition was proper and legal. In its opinion the court of appeals stated:

"In considering the facts herein it appears clear that employee's failure to prosecute his claim was due to his inability to obtain medical support of the claim. Since the burden of proof with a reasonable preponderance of evidence is upon the employee, proceeding further would have been unwise and apparently futile. On this set of facts and circumstances the attorney for the employee agreed to and requested dismissal of employee's claim petition previously filed. The Calendar Judge had already allowed the attorney for the employee approximately 30 months to obtain evidence in support of employee's claim. The dismissal of employee's claim petition under the circumstances was therefore reasonable and proper."

It is apparent from the record and conceded by employee that at the time the claim petition was filed in May 1972 the essential medical support to sustain his burden of proof was not available. Moreover, this evidence was still unattainable at the time of the dismissal by Judge Kurtz in January 1975. In his letter requesting dismissal, employee's attorney stated that "the negative diagnosis of Dr. Johnson seems to prohibit a positive finding by the other doctors that Mr. DeMars has consulted." It was not until January 1976 that Dr. Warner agreed to "go along with the W/C claim."

This court has long recognized that public policy requires reasonable diligence in bringing litigation to a close and will not allow parties to delay suits for an unreasonable length of time. Since witnesses die or disappear and memories fade, trial of actions should never be negligently and unreasonably delayed. Consequently, a trial court has the discretion to dismiss a suit where the plaintiff's failure to exercise reasonable diligence is unexcused, and the nature of the claim requires the exercise of such diligence.

We have concluded that the calendar judge was well within his discretionary authority in dismissing this action and our conclusion is further supported by the fact that employee's counsel requested the dismissal. While employee's voluntary dismissal may have been prompted by Judge Kurtz' request in his letter of May 6, 1974, that some action be taken, the facts demonstrate that employee was given two additional continuances and that no action to dismiss involuntarily for lack of prosecution ensued.[1] In *Kappa v. Levstik*, 123 Minn. 532, 144 N.W. 137 (1913), we explained the effect of consent or acquiescence by counsel where a dismissal is ordered by the trial court:

---

1. Although employee admits that his attorney requested the dismissal, he asserts that the calendar judge who ordered dismissal of employee's claim petition was not authorized to do so. However, Judge Kurtz is a statutorily assigned compensation judge who was, at the time, in charge of controlling the trial calendar of the court of appeals. He was also assigned to hear and determine cases on their merits. Since employee's case, by reason of his request for a continuance, had not been assigned to a specific judge, any duly qualified compensation judge had the authority to grant employee's request for dismissal of his claim petition.

"If this of itself did not amount to a voluntary dismissal of the action by plaintiff, it was in acquiescence in the order of the court and a waiver of any error that might otherwise have been predicated thereon. While it is true that upon subsequent reflection counsel for plaintiff concluded that the case had been improperly dismissed, and moved the court for a new trial, at the same time moving the court to strike from the record the consent to the dismissal, the court denied both motions; thus leaving in the record the consent or acquiescence as above stated. No error therefore can be predicated upon the order of the court, because expressly assented to by counsel. 4 Am. & Eng. Enc. (3 ed.) 356." 123 Minn. 533, 144 N.W. 137.

We hold that the calendar judge acted within his authority in dismissing petitioner's claim petition.

2. The 2-year statute of limitations began to run when the employer filed the first report of employee's injury on December 29, 1971. Minn.St. 1971, § 176.151(1),[2] in effect at the time of employee's injury, stated:

"The time within which the following acts shall be performed shall be limited to the following periods, respectively:

"(1) Actions or proceedings by an injured employee to determine or recover compensation, two years after the employer has made written report of the injury to the commission, but not to exceed six years from the date of the accident."

▉ Neither courts nor administrative agencies, in the exercise of their legal or equitable powers, possess the authority to extend or to modify the period of limitation prescribed by statute. *Weston v. Jones*, 160

Minn. 32, 199 N.W. 431 (1924). What may be a reasonable time depends upon the sound discretion of the legislature in the light of the nature of the subject and the purpose of the enactment. *Wichelman v. Messner*, 250 Minn. 88, 83 N.W.2d 800 (1957).

▉ When an employee files a claim petition, the statute of limitations is tolled during its pendency since the commencement of an action arrests the running of the applicable statute of limitations. However, if a claim is dismissed without a determination on the merits, the result is the same as if it had never been filed and the statute of limitations had never been tolled.[3] *Holmgren v. Isaacson*, 104 Minn. 84, 116 N.W. 205 (1908); Dunnell, Dig. (3 ed.) § 5615. Because more than 2 years had passed since the first report by the employer, the court of appeals correctly decided that employee's claim was barred by the statute of limitations.

3. Employee contends that the court of appeals had the authority to reinstate his claim petition by vacating the order for dismissal pursuant to Minn. St. 1971, § 176.-461,[4] which provided:

"Except where a writ of certiorari has been issued by the supreme court and the matter is still pending in that court or where as a matter of law the determination of the supreme court cannot be subsequently modified, *the commission, for cause, at any time after an award within eight years* from the date compensation was last paid, upon application of either party and not less than five days after written notice to all interested parties, *may set the award aside* and grant a new hearing and thereon determine the matter on its merits and make such findings

---

2. Minn.St. 1971, § 176.151(1) was amended by L. 1975, c. 359, s. 17 to provide for a 3-year rather than a 2-year period of limitation after the employer has made a written report of the injury to the commissioner.

3. If employee believed the dismissal of his claim petition was erroneous, the proper remedy was by appeal to the court of appeals within 30 days after service of notice of the order of

dismissal pursuant to Minn.St. 176.421, subd. 1.

4. Minn.St. 1971, § 176.461 was amended by L. 1975, c. 359, s. 18 to allow for an indefinite period of time within which the court of appeals may set aside an award and grant a new hearing.

of fact, conclusions of law, and award or disallowance of compensation or other order as the pleadings and the evidence produced before it and the provisions of this chapter shall in its judgment require." (Emphasis supplied.)

Employee argues that the word "award" as used in this section gives the court of appeals the right to vacate an order of dismissal, citing as authority our decisions in *Rosenquist v. O'Neil & Preston*, 187 Minn. 375, 245 N.W. 621 (1932) and *Radzak v. Mercy Hospital*, 291 Minn. 189, 190 N.W.2d 86 (1971).

In *Rosenquist* and *Radzak*, we interpreted the word "award," as used in Minn.St. § 176.461, to be synonymous with the word "decision." The remedy provided by the statute was held to be available not only to those claimants to whom compensation had been awarded, but also to those to whom it had been denied. We held that once a claim petition has been timely filed, the jurisdiction of the court of appeals attaches allowing reopening and review of a prior decision.

 However, once the court of appeals loses jurisdiction by virtue of a voluntary dismissal of the claim petition without a hearing or determination on the merits, there has been no decision subject to being reopened or vacated. An order dismissing a claim neither grants nor denies compensation, and, therefore, under the dismissal ordered in this case there was no determination of any rights or issues. See, *Neal v. Krey Packing Company*, Mo.App., 459 S.W.2d 527 (1970); *Hugelman v. Beltone Kansas City Hearing Service Co.*, Mo.App., 389 S.W.2d 220 (1965). Therefore, an order for dismissal is not an "award" within the meaning of Minn.St. 1971, § 176.461, and the court of appeals had no authority to vacate the order for dismissal and reinstate the claim petition.

Affirmed.