Donald P. SHEREK, Relator,

v.

INDEPENDENT SCHOOL DISTRICT
NO. 699, Respondent.

No. C5-90-1193.

Court of Appeals of Minnesota.

Dec. 31, 1990.

Review Denied Feb. 20, 1991.

---

1980–81 school year the district reinstated Sherek to a 4.5 hour position, 1.5 hours short of reinstatement to his full-time position. Sherek was again placed on ULA but reinstated to a 4.0 hour position for the 1981–82 school year. At the end of the 1981–82 school year, Sherek was placed on ULA and not reinstated.

In the spring of 1986 the district entered into an interdistrict cooperation agreement with the Eveleth School District. The agreement created available positions within Sherek's licensure. After the supreme court held that Sherek must be included on the combined seniority list for appointment to available positions, the district reinstated Sherek to a 4.0 hour position. Sherek maintains that he should have been reinstated to a full-time, 6.0 hour position.

Richard L. Kaspari, Garber, Kaspari, Howard & Grostephan, St. Louis Park, for relator.

Scott C. Neff, Neff & Lager, Virginia, for respondent.

Considered and decided by SHORT, P.J., and LANSING and GARDEBRING, JJ.

## OPINION

LANSING, Judge.

Donald Sherek seeks reinstatement to a full-time teaching position in school districts participating in an intercooperation agreement. Ruling that the combined seniority list for both districts should include teachers placed on unrequested leave before the agreement, the supreme court ordered reinstatement of Sherek to available positions within his licensure. *Sherek v. Indep. School Dist. No. 669*, 449 N.W.2d 434, 439 (Minn.1990). We affirm the school district's reinstatement of Sherek to a 4.0 hour position.

## FACTS

Donald Sherek taught in Independent School District No. 699 from 1968 until 1980, when the district placed him on unrequested leave of absence (ULA). For the

## ISSUES

1. To what extent is Sherek entitled to be reinstated under Minn.Stat. § 125.12, subd. 6b(i)?

2. Is Sherek's claim barred by the two-year limitation period in Minn.Stat. § 541.07?

## ANALYSIS

### I

■ A teacher's reinstatement after an unrequested leave of absence is governed by statute:

> The unrequested leave of absence of a teacher who is placed on unrequested leave of absence on or after January 1, 1978 *and who is not reinstated* shall continue for a period of five years, after which the right to reinstatement shall terminate * * *.

Minn.Stat. § 125.12, subd. 6b(i) (1988) (emphasis added). The legislature did not define "reinstated" or "reinstatement." Sherek interprets each reinstatement as commencing a new five-year period preserving his right to be reinstated to a full-time teaching position. The district interprets the reinstatement rights as measured from each ULA. If a ULA is from a percentage of the original contract, the five-

year extension reaches the hours of employment within the five-year period.

Sherek's interpretation is flawed in two significant ways. First, it requires us to ignore the intervening ULA's and to recognize the first ULA as the only point for measurement. Second, it requires us to define the term "reinstated" as embracing different degrees of reinstatement, but to define "reinstatement" as a unitary concept meaning full reinstatement to the original contract.

Proper statutory construction requires that a consistent meaning be given to the same or substantially the same phrases appearing in a statute, absent a contrary legislative intent. *Schooler v. United States*, 231 F.2d 560, 563 (8th Cir.1956); *see also Van Asperen v. Darling Olds, Inc.*, 254 Minn. 62, 73–74, 93 N.W.2d 690, 698 (Minn.1958) (statute must be as a whole so as to harmonize all of its parts).

We believe the district's proposed interpretation, which is internally consistent and in keeping with the plain language of the statute, is correct. It permits preservation of a reinstatement right equivalent to the hours of employment within the five-year period. Each ULA, whether it was from the original position or a percentage of that position, commences a five-year period in which reinstatement is preserved to the extent of actual hours of employment within that period.

Our interpretation is consistent with other sections of the statute defining teacher reinstatement:

> Teachers placed on unrequested leave of absence shall be reinstated to the positions from which they have been given leaves of absence or, if not available, to other available positions in the school district in fields in which they are licensed.

Minn.Stat. § 125.12, subd. 6b(e) (1988). "Available positions" include positions which are less than the original teaching hours. *See Walter v. Indep. School Dist. No. 457*, 323 N.W.2d 37, 41 (Minn.1982). "Reinstated," as used in subdivision 6b(e), includes placement not only in an equivalent position, but also in a less than equivalent position. Because subdivision 6b(e) relates to the same subject matter and has the same general purpose, it is in *pari materia* with subdivision 6b(i) and should be read harmoniously. *See In re Estate of Eriksen*, 337 N.W.2d 671, 673 n. 1 (Minn. 1983).

The holding in *Walter* is consistent with our interpretation. *Walter* did not attempt to define "reinstatement," but by ruling that a teacher cannot be considered fully reinstated by accepting a part-time position, *Walter* recognized the divisibility of "reinstatement" rights. This recognition is reinforced by the practical application of the holding: a formerly full-time teacher placed on ULA who accepts a part-time contract is still on ULA to the extent of the full-time position. *See Walter*, 323 N.W.2d at 40, 43.

■ Extending this analysis, Sherek was reinstated to a percentage of his original contract and was on ULA the remaining percentage. His right to reinstatement to the extent of his original contract expired after five years. *See* Minn.Stat. § 125.12, subd. 6b(i). His right to reinstatement to the 4.0 hour position he occupied within the five-year period is still preserved. Our interpretation is consistent with the underlying purposes of the continuing contract act which protects against summary administrative termination. *See Walter*, 323 N.W.2d at 40–41. The school district's interpretation of subdivision 6b(i) is supported by its plain language.

## II

■ Assuming, without deciding, that the two-year limitation period of Minn.Stat. § 541.07(5) (1988) for recovery of wages applies to Sherek's claim, he brought his action within the limitation period. Commencement of an action tolls the statute of limitation during the action's pendency so long as the action is prosecuted to final judgment. *DeMars v. Robinson King Floors, Inc.*, 256 N.W.2d 501, 505 (Minn. 1977). The school district did not deny Sherek full-time employment until March of this year. Sherek's appeal is not foreclosed by the statute of limitation.

## DECISION

We affirm the school district's decision and hold that by operation of Minn.Stat. § 125.12, subd. 6b(i), Sherek is entitled to reinstatement to a 4.0 hour position, which is equivalent to his maximum hours of employment within the statute's five-year period. The statute of limitation does not bar any portion of Sherek's claim.

Affirmed.