## WHITE v. WRIGHT et al.

No. 19831.   Opinion Filed June 30, 1931.

Rehearing Denied July 28, 1931.

H. P. White, pro se.

J. M. Humphreys, Tribal Atty., for defendants in error.

SWINDALL, J.   The plaintiff sued one Josephine James, a white woman, who was the widow of Roy James, an Osage Indian, to whom a certificate of competency had been issued, and under whose will Josephine James was practically the sole beneficiary. Prior to the suit, the will of Roy James had been admitted to probate in the county court of Osage county, and on appeal the order admitting it to probate was sustained. The plaintiff caused garnishment summons to issue against W. M. Crawford and J. Geo. Wright. The process ran against them individually, but the answers disclosed that whatever was in their possession or under their control came into their possession or under their control by virtue of their respective offices, W. M. Crawford being special disbursing agent of the Osage Agency, and J. Geo. Wright being Superintendent of said Agency. There was money on hand credited to "the estate of Roy James," but the Secretary of the Interior had never authorized the funds to be transferred to the credit of Josephine James.   J. Geo. Wright held title to a tract of real estate as trustee for Roy James, but it was in his name as such superintendent, and he held it as such superintendent as trustee.

The plaintiff took issue on the answers, and at the trial the above state of facts developed, and on motion of the garnishees they were discharged on the ground that, as officers of the United States, they could not be made subject to garnishment with respect to said funds and property.   The plaintiff appeals from the order discharging the garnishees.

This case seems to be ruled by the case of Manwell v. Grimes, 48 Okla. 72, 149 Pac. 1182.   In that case it was expressly held that, on grounds of public policy, the government of the United States and its officers and agents are exempt from the process of garnishment.   That case was in accord with the case of Buchanan v. Alexander, 4 How. 20, 11 L. Ed. 857, in which it was held that wages of seamen due from the United States could not be made subject to garnishment in the hands of the purser.   The plaintiff attempts to distinguish that case from the present on the ground that, in Buchanan v. Alexander, the money was the money of the United States, but that here it is not.   In the case of Manwell v. Grimes that point was covered by reference to the provision that all officers of the United States employed as Indian agents are required to perform such regulations and duties, not inconsistent with law, as may be prescribed by the President, the Secretary of the Interior, the Commissioner of Indian Affairs, or Superintendent of Indian Affairs, and to the Act of July 1, 1898, ch. 545, 30 U. S. Statutes at Large, 595, which provides:

"Hereafter Indian agents shall account for all funds coming into their hands as custodians from any source whatever, and be responsible therefor under their official bonds."

The plaintiff calls attention to the fact that the process was issued against the garnishees individually, evidently as preliminary to the citation of authorities to the effect that funds in custodia legis are subject to garnishment after the court has made an order for their payment.   We are not at all satisfied that, under our statute, even money in the hands of a court officer, after an order for payment, can be subjected to garnishment, because the cases cited go on the theory that the reason the funds cannot be subjected to garnishment prior to the order is, that it is not known to whom they will become due, and that, as soon as an actual liability arises, they become subject to garnishment on that ground

alone. Section 368, C. O. S. 1921, reads as follows:

"No judgment shall be rendered upon a liability of the garnishee arising:

"First. By reason of his having drawn, accepted, made, indorsed or guaranteed any negotiable bill, draft, note, or other security.

"Second. By reason of any money or other thing received or collected by him as sheriff or other officer, by force of an execution or other legal process in favor of the defendant.

"Third. By reason of any money in his hands as a public officer, or for which he is accountable to the defendant merely as such officer.

"Fourth. By reason of any money or other thing owing from him to the defendant, unless, before judgment against the defendant, it shall become due absolutely and without depending on any future emergency.

"Judgment may be given for any money or other thing owing, although it has not become payable, in which case the garnishee shall not be required to pay or deliver it before the time appointed by the contract."

It will be observed that the statute literally presupposes an existing liability, but still denies the right to subject it to garnishment. But it is unnecessary to decide the point, because the property involved in the action was not in custodia legis. It was in the hands of these officers for the purpose of carrying out the performance of a governmental duty which the government of the United States had undertaken, and it was in their hands as mere servants of the government to act in the premises in such manner as they might be directed, and for it they were accountable to the government Manwell v. Grimes, supra; Webster v. Fall, 266 U. S. 507, 69 L. Ed. 411.

In the last analysis we see nothing but what is, in effect, an effort to assert a claim against the United States, as the garnishment proceedings, while running against the officers individually, seek to hold the officers for what they hold officially, and to hold them liable would be to dictate how, when, and in what manner the governmental duty of the United States should be performed. This cannot be done, because the government cannot be subject to garnishment, nor can it be done indirectly by subjecting its servants to the process. Manwell v. Grimes, supra; Clark v. Board of Com'rs. of Osage County, 62 Okla. 7, 161 Pac. 791; Buchanan v. Alexander, supra; Rood on Garnishment, secs. 25 and 26, pp. 32 and 33.

The order discharging the garnishees is affirmed.

CLARK, V. C. J., and HEFNER, ANDREWS, KORNEGAY, and McNEILL, JJ., concur. LESTER, C. J., and RILEY and CULLISON, JJ., absent.

Note.—See under (1) anno. 44 L. R. A. (N. S.) 218; 12 R. C. L. p. 841.; R. C. L. Perm. Supp. p. 3194; R. C. L. Continuing Perm. Supp. 508.