**LEWIS et al. v. LEE et al.**

No. 23225. Opinion Filed Sept. 13, 1932.

Rehearing Denied Oct. 18, 1932.

Ferguson & Semple, for plaintiffs in error.

H. E. Ledbetter and Sigler & Jackson, for defendants in error.

ANDREWS, J. This is an appeal from an order and judgment of the district court of Carter county, denying a motion to quash execution, entering an order reviving the cause of action, and sustaining a motion to confirm a sheriff's sale.

On January 4, 1932, the defendants in error, who hereinafter will be referred to as the defendants, filed their motion in this court to dismiss the appeal on the ground that the case-made showed that all of the questions attempted to be raised by the plaintiffs in error, who hereinafter will be referred to as the plaintiffs, were adjudicated by this court in the case of Stechi v. Lee, 145 Okla. 41, 291 P. 50, and on the further ground that the appeal is frivolous. On January 23, 1932, a supplemental motion to dismiss was filed on the additional ground that the case-made was not served within 15 days after the order and judgment appealed from, or within any valid extension of time granted by the trial court.

On January 28, 1932, the plaintiffs filed an application to withdraw the case-made for correction by having the same certified as a transcript, and the case-made was allowed to be withdrawn for correction. The only correction therein attempted to be made was to attach a certificate of the court clerk attempting to show that the case-made was a transcript of the record. The de-fendants filed then their supplemental motion to dismiss the appeal on various grounds, among which were that the plaintiffs had no authority under the order of this court to attach the certificate or to certify the same as a transcript of record; that the certificate was not sufficient as such and that the record does not present any errors appearing on the face of the record which could be reviewed by appeal on a transcript of the record.

It is shown that no order was made extending the time in which to make and serve a case-made at the time the judgment and order was rendered, although notice of appeal was given in open court. The judgment complained of was rendered and entered on August 13, 1932. A motion for a new trial was filed on August 17, 1932, more than three days after the rendition of the judgment. That motion was overruled on September 11, 1932. Notice of appeal was again given and an order granting 60 days in which to make and serve a case-made was made.

The matters sought to be reviewed were presented to the trial court by motions and upon evidence. That being true, they may not be considered by this court on a transcript of the record. While a party desiring to appeal to this court may attach to his petition in error a transcript of the record, if he desires to bring to this court any part of the record other than those provided by section 688, C. O. S. 1921 [O. S. 1931, sec. 435] he must incorporate the same into the record by a bill of exceptions or case-made. Motions presented to the trial court and the rulings thereon and the exceptions thereto are no part of the record of the trial court which can be brought to this court by transcript. Kershaw v. Board of Com'rs of Muskogee County, 135 Okla. 302, 275 P. 621, and Folsom v. Billy, 78 Okla. 146, 189 P. 188.

The motion for a new trial was not necessary and did not extend the time in which to make and serve a case-made. Ginn v. Knight, 106 Okla. 4, 232 P. 936. No order extending the time in which to make and serve a case-made having been made within the time allowed by statute, the order attempting to extend the time was a nullity and there is nothing before this court for its consideration.

The motion to dismiss is sustained.

LESTER, C. J., CLARK, V. C. J., and HEFNER, CULLISON, SWINDALL, McNEILL, and KORNEGAY, JJ., concur. RILEY, J., absent.

Note.—See under (1) 2 R. C. L. 158, 159. (2) 2 R. C. L. 127; R. C. L. Perm. Supp. p. 339.