**LEE et al. v. EPPERSON, Adm'x, et al.**

No. 25088.     April 10, 1934.

Rehearing Denied May 8, 1934.

Ledbetter & Ledbetter and Sigler & Jackson, for plaintiffs in error.

W. F. Semple, A. H. Ferguson, and Tom Finney, for defendants in error.

BAYLESS, J.   Robert E. Lee and another appeal from a judgment of the district court of McCurtain county, Okla., rendered in favor of the administratrix and the heirs of Nellie Stechi, deceased.  The appealing parties will be referred to herein as Lee, and the defendants in error, as defendants.

The facts are, in substance, as follows:

January 16, 1928, Lee obtained a money judgment and a fractional interest in certain real estate against Nellie Stechi.

Immediately thereafter the United States Government, through the United States District Attorney, on behalf of Nellie Stechi commenced a proceeding in the United States District Court for the Eastern District of Oklahoma to enjoin further proceedings upon this judgment or an attempt to realize thereon.  The District Court of the United States, aforesaid, entered an order on the 28th day of February, 1928, restraining further proceedings in the state court looking to the satisfaction of said judgment.  This restraining order remained in full force and effect for about three years, during which time proceedings were had in the state courts as hereinafter stated.

April 26, 1928, some two months after the restraining order in the federal court, Nellie Stechi appealed to this court from the judgment obtained by Lee.  While the appeal was pending in this court, and on November 16, 1929, Nellie Stechi died.  On February 11, 1930, an order of revivor against the heirs of Nellie Stechi was entered by the Supreme Court of the state of Oklahoma.  On July 10, 1930, this court rendered a decision reported in 145 Okla. 41, 291 P. 50, in which the judgment obtained by Lee was affirmed.

During the pendency of the appeal in this court administration upon the estate of Nellie Stechi, deceased, was instituted in the county court of McCurtain county, Okla., an administrator was appointed and notice to creditors to present claims against the estate was published for the first time in March, 1930.

After the decision of this court on the appeal and the return of the cause to the trial court nothing further was done, presumably awaiting the disposition of the proceedings in the federal court.  On February 24, 1931, the judge of the United States District Court for the Eastern District of Oklahoma filed in the case before him his findings of facts and conclusions of law from which it became apparent that he intended to deny the rights of the United States Government and Nellie Stechi to obtain the relief sought in

the action filed in that court. On May 5, 1931, said judge entered an order in conformity with the findings of facts and conclusions of law. It will be noted that the date of the findings of facts and conclusions of law and date of the judgment become material hereinafter in relation to the filing of the claim of Robert E. Lee with the administratrix.

Immediately after the termination of the proceedings in the federal court Lee had issued an execution and sold certain real estate of Nellie Stechi in an effort to satisfy this judgment. The heirs of Nellie Stechi attempted to quash the execution and resisted these efforts in every way possible. Lee then moved to revive the judgment in the court, and the administratrix voluntarily appeared and attempted to confer jurisdiction of the court upon her in connection with said action. The district court thereupon revived the judgment as against the decedent, confirmed the sale and generally granted Lee the relief sought. This order was entered August 13, 1931. In December, 1931, an appeal was taken by the heirs and the administratrix from these orders, and on October 1, 1932, the court entered an order and decision dismissing the appeal for the reason it was not taken within time, which decision is found in 159 Okla. 257, 15 P. (2d) 3 (Lewis v. Lee).

On August 29, 1931, after the sale proceedings above referred to, Lee presented a claim based upon the judgment affirmed by this court and the deficiency remaining thereon, and the administratrix disallowed this claim. Lee thereupon instituted the action from which this appeal arises in the district court of McCurtain county, Okla.

The trial court made an analysis of the contentions of the parties upon the issues in the case and resolved them into five propositions. The first four of which he decided in favor of Lee, and the 5th:

"The judgment was not filed with the administrator for allowance within the four months' period after notice was given to creditors as required by statute"

—contrary to him.

Lee contends here that this question is the sole one to be noticed and decided by this court. The defendants say that, although they have not filed a cross-appeal from the action of the court on the four contentions decided adversely to them, nevertheless, they may and do present them again in support of the judgment in their favor.

We believe the trial court's analysis of the issues is correct and comprehensive. We have examined his findings of facts and conclusions of law as applied to the first four grounds and upon the record before us we believe they are correct, and it is not necessary for us to notice the second, third, and fourth grounds further in the determination of this case. We are of the opinion that these grounds furnish no support for the defendants' judgment.

As to the first ground, which touches upon the question of revivor of the action after the death of Nellie Stechi, we have this to say. The plaintiff, Nellie Stechi, became a defendant in said action in so far as the cross-petition of Lee was concerned and the statute of this state governing the revivor of actions upon the death of defendants applies. The claim of Lee against Nellie Stechi, as a defendant, involved both money and an interest in real estate. Therefore, in so far as the claim concerned the real estate, it was necessary that said action be revived in the name of her heirs, and this was done in the appeal from the original judgment (145 Okla. 41, 291 P. 50) upon application of the heirs themselves, and has become final. In so far as a revivor was necessary against the personal estate of Nellie Stechi, it could be done only after her death and in the name of her personal representative, when such personal representative was named, all as provided by law. A personal representative of Nellie Stechi was appointed December 3, 1930, within one year after her death. The action was revived in the name of the personal representative of Nellie Stechi, deceased, on the 13th day of August, 1931, by consent of the personal representative. This was more than one year after the date of the death of Nellie Stechi. The question of whether or not it was made with or without consent is not the controlling factor. What we say hereafter concerning the restraint which Lee was under at that time, as applied to the presentation of the claim of creditors to the personal representative of Nellie Stechi, deceased, applies to the revivor of the action.

The trial court assumed in his findings of facts and conclusions of law and judgment that if restraint was imposed upon Lee by the restraining orders of the federal court, by reason thereof, the defendants should not be permitted to take advantage of the passage of time to prevent Lee presenting his claim when the restraint was removed. The trial court was further of the opinion that when the restraint was removed the

statutory period of time wherein Lee might have acted as the law required him to act was a reasonable length of time from the removal of the restraint within which to perform such acts. We agree with these conclusions. The defendants should not be permitted to take advantage of the restraint placed on Lee by Nellie Stechi, their ancestor, and after her death kept alive by them. See State v. Royse (Neb.) 91 N. W. 559; City of Hutchinson v. Hutchinson, 92 Kan. 518, 141 P. 589; North British & Mercantile Ins. Co. v. Lathrop, 70 Fed. 429; Steele v. Bliss (Mich.) 132 N. W. 345; Elliott & Horne Co. v. Chambers Land Company, 61 Cal. App. 310, 215 P. 99; Henson v. Peters, 95 Wash. 628, 164 P. 512; Carrico v. Couch, 45 Okla. 672, 146 P. 447; and also Wood on Limitations, paragraph 253 H, and High on Injunctions (4th Ed.) chap. 3, sec. 1536.

As we have heretofore said, the trial court assumed for the sake of its findings of fact and conclusions of law that Lee might have been under a restraint by reason of the acts of the federal court. The defendants contend in their brief that the record before us does not disclose any such restraint, in that the record only shows a temporary restraining order which was returnable on a day certain to be heard, and ripened into an order of more permanent character. If it was not heard or continued, it is dissolved of its own nature. The defendants further contend that the record does not show that a restraining order of a permanent character was granted. There is no such order in the record. But in our opinion, there is evidence in the record of the restraint of such an order. We are dealing with a proceeding of another court, and not only are we justified in looking to and considering that court's treatment of the existence or nonexistence of the restraint, but under the rule of comity between the courts (this not being an appeal from that court) we are required to treat it likewise.

The order of the federal court dated May 5, 1931, specifically refers to the existence of a restraining order and makes final disposition of it. This was by the court which granted the order and was charged with the enforcement thereof and the final disposition thereof. It appears that the fed-1 court treated the restraining order as being in force and effect on that date, and we are doing so under the rule of comity as above stated. See Wells v. Shriver, 81 Okla. 108, 116, 124. 197 P. 460, which cites and applies the rule used in McGourkey v. T. & O. C. R. Co., 146 U. S. 536, 36 L. Ed. 1079.

The trial court was correct in assuming and holding that the restraining order was in effect in the federal court and prevented Lee pursuing his judgment.

The next query is: Over what period of time did this restraint extend? The record shows that the temporary restraining order was issued February 28, 1928, which was less than two months after the judgment was rendered against Nellie Stechi, but more than a year before her death and the commencement of the administration proceedings upon her estate. The judge of the federal court filed his findings of fact and conclusions of law on February 24, 1931. This instrument recites the issuance of the temporary restraining order, but furnishes no evidence itself of the existence or nonexistence of any restraint at the date it was filed. That instrument concludes as follows:

"* * * and for that reason this case must be remanded to the state court. This court has no power to adjudicate any claim that the plaintiff may have as to the funds in the possession of the Secretary of the Interior and the petition praying for that adjudication is dismissed without prejudice."

The defendants contend, and the trial court found, that any restraint upon Lee as a result of the orders of the federal court was ended by the filing of this instrument. The trial court, as we have before stated, was of the opinion that Lee had four months from this date within which to present his claim to the personal representative of Nellie Stechi, and because the claim was not presented until August 29, 1931, the presentation thereof was too late.

Lee contends that the findings of fact and conclusions of law filed February 24, 1931, and quoted from above, were not a final order or judgment, but were of a nature preliminary to a final order or judgment, and that the order of May 5, 1931, was and is the final order which terminated the restraint upon him.

If the record before us were ambiguous, we might be called upon to construe the findings of facts and conclusions of law and the order of May 5, 1931, and their relation to each other. But, in our opinion, the record is not ambiguous. These two instruments furnish a complete solution of the problem. The first mentions the issuance of a restraining order, but does not recognize the existence of this order or attempt to order with reference thereto. These findings and conclusions make perfectly apparent what the judgment of the federal court may be, but, in our opinion, are not the judgment of the court in the sense of a final order or judg-

ment in favor of Lee which would enable him to begin seeking satisfaction of his judgment. See City of Oklahoma City v. McMaster, 12 Okla. 570, 73 P. 1012, 196 U. S. 529, 49 L. Ed. 587. Again we arrive at our opinion by considering the manner in which the federal court treated these instruments.

The order of May 5, 1931, reads in part:

"On this the 5th day of May, 1931, this cause came on for final hearing * * * and the court being well and sufficiently advised finds that the restraining orders heretofore granted herein should be dissolved, and the court further finds that the motion to remand this cause to the district court of Carter county should be sustained.

"It is therefore ordered, adjudged, and decreed that the restraining orders heretofore granted herein be and the same are hereby dissolved and it is further ordered and adjudged and decreed that this cause be and the same is hereby remanded to, the district court of Carter county."

A reading of this order makes two facts clear: First, the federal court regarded the matter as still being before it and subject to its control; and, second, it considered the restraint effective and necessary to be removed. This is but logical, for when the findings of fact and conclusions of law were filed, even if they were to be treated as a judgment disposing of the main issues, the defendants might have been permitted to amend their proceedings to come within the jurisdiction of the court or to take steps for an appeal to a higher court, during all of which time it would have been proper to continue the restraint.

It was only when it became certain that no further steps were to be taken by the defendants in the federal courts that the cause might be remanded to the state court and the restraint ended. In our opinion, the restraint upon Lee by reason of the orders of the federal court did not end until May 5, 1931. It is further our opinion that Lee had a reasonable time from that date within which to pursue any statutory relief or remedy provided him, and that in each particular step a reasonable time would be the time provided by statute for taking such steps beginning with May 5, 1931. Therefore, in our opinion, the revivor of the action against the personal representative and the presentation of the claim for the deficiency upon the judgment were each taken within a reasonable time, as defined by us.

The judgment of the trial court is therefore reversed, and the cause is remanded for further proceedings not inconsistent with the views herein expressed.

CULLISON, V. C. J., and ANDREWS, OSBORN, and BUSBY, JJ., concur. SWINDALL and McNEILL, JJ., dissent. RILEY, C. J., and WELCH, J., absent.