### H. F. WILCOX OIL & GAS CO. v. WALKER et al.

No. 24369.   Sept. 11, 1934.

Armstrong & Murphy, for plaintiff in error.

Edwin Dabney, Proration Atty., for defendant in error.

OSBORN, J. This is an appeal by the H. F. Wilcox Oil & Gas Company from an order of the Corporation Commission, adjudging appellant to be in contempt of the Commission for failure to obey certain orders requiring the filing of daily reports of production of oil.

The affidavit for citation was filed by Ray M. Collins, state umpire, and, in substance, charged appellant with a failure to file daily production reports as required by an order of the Commission, No. 5415, and by journal entry No. 2017. A hearing was had on the complaint so made, and the Commission found appellant guilty of contempt for failure to file reports for the period of April 7, to April 18, 1932, inclusive, and assessed fines to the total sum of $8,500.

The order in question was issued November 9, 1931, and provides, in part, as follows:

"1. The daily reports of production in the form prescribed by the Commission, complete in all details and properly verified, shall be prepared by each operator in duplicate and filed by him in the office of the umpire for the Oklahoma City field on or before eight o'clock a. m. of each calendar day for the production had from each well for the period of 24 hours ended at 7:00 o'clock a. m. of the preceding calendar day; provided, that such reports falling due on Sunday or a legal holiday may be filed on or before 4:00 o'clock p. m. of the succeeding day. One copy of such report shall be retained in the office of the umpire and the other transmitted by the umpire to and be filed in the office of the chief conservation agent of the Corporation Commission.

"2. No operator of a well in the Oklahoma City field shall open the same or keep it open for production after the hour a daily report of production therefrom is due as here provided, until such report in proper form is filed and accepted."

Among other things, it is contended by appellant that the above order is void, and a void order will not support a judgment of contempt. Our attention is directed to the case of H. F. Wilcox Oil & Gas Co. v. Walker, 167 Okla. 355, 32 P. (2d) 1044. In that case it was held that all proration orders made by the Commission from November 1, 1931, to April 10, 1933, were void. In that case a writ of prohibition was sought to prohibit the Corporation Commission from enforcing an order requiring the filing of monthly reports for the entire period of time above suggested. It was conceded that it was the purpose of the Commission thereby to lay a predicate for the enforcement of all preceding proration orders, by reducing future allowables in accordance with possible prior overproduction. There is some difference in the issues presented in the two cases, but there is also some analogy.

We are here concerned with the validity of an order requiring the filing of daily reports of production. The purpose in requiring said reports is to facilitate the enforcement of the proration orders made and in force at the time of filing the reports.

The authority of the Corporation Commission to regulate the taking and production of oil, during the time involved herein, is found in article 4, chapter 59, O. S. 1931.

It is well settled that the authority of the Corporation Commission relating to the conservation of oil is definitely limited to the power expressly or by necessary implication granted to it and must be exercised in strict conformity therewith. H. F. Wilcox Oil & Gas Co. v. Walker et al., supra. The power and authority of the Commission to require a producer to make daily reports disclosing the amount of production must be authorized by an express or implied grant of power. In order to make a valid order curtailing or limiting the production of oil from a common source of supply, there are certain essential jurisdictional prerequisites. Until such prerequisites are met there is no jurisdiction in the Corporation Commission to make a valid order curtailing production, and until a valid order is made the law of property, which permits a producer to explore and take into possession all the oil discovered by him, is the rule by which his rights are determined. It would be an anomaly to say that an order, which had for its purpose and effect the enforcement of an invalid order, could, by any process of reasoning, be a valid order. Therefore, until such time as it is shown that a valid order of proration curtailing and limiting the right to take and produce oil is entered by the Commission, any order that is made for the enforcement thereof would likewise be invalid.

No one may be punished for contempt for disobedience of a void order. Wutchumna Water Co. et al. v. Superior Court (Cal.) 12 P. (2d) 1033. A court cannot punish as a "contempt" the disobedience of an order made without or in excess of jurisdiction; disobedience of void order not constituting contempt. Andrews v. Superior Court (Cal.) 284 P. 494. If an order is void because made without jurisdiction, a party disobeying it is not guilty of contempt of court. State v. La Follette (Ore.) 196 P. 412. A court's jurisdiction to punish for contempt in failing to comply with its order depends upon the jurisdiction to make such order. Jackson v. Superior Court (Cal.) 290 P. 448, 70 A. L. R. 475. To the same general effect, see the following cases: Ex parte Renfro (Tex.) 273 S. W. 813, 40 A. L. R. 900; Ex parte Speakman (Ariz.) 257 P. 986; State v. Gordon, 105 Wash. 326, 177 P. 773; State v. District Court (Mont.) 202 P. 575; Hay v. Hay, 40 Idaho, 159, 232 P. 895; Ex parte Barrett (Tex.) 37 S. W. (2d) 741; Ex parte Armstrong (Tex.) 8 S. W. (2d) 674; Russell v. Lill (Mo. App.) 12 S. W. (2d) 508; Ex parte Irwin (Mo.) 6 S. W. (2d) 597; Stowe v. Wolverine Metal Specialties Co., 242 Mich. 624, 219 N. W. 714; Singuefield v. Valentine (Miss.) 133 So. 210; Seyfert v. Seyfert (Wis.) 229 N. W. 636; State v. Reid (Wis.) 183 N. W. 992; Rudd v. Rudd (Ky.) 214 S. W. 791; Geneva v. Thompson (Iowa) 206 N. W. 132; Armour Grain Co. v. Pittsburg C., C. & St. L. R. Co., 320 Ill. 156, 150 N .E. 650.

It is not necessary to consider the other propositions advanced by the parties.

The order of the Corporation Commission is reversed, and the cause remanded, with directions to dismiss the proceeding.

RILEY, C. J., CULLISON, V. C. J., and ANDREWS and BAYLESS, JJ., concur.