**HALL & BRISCOE, Inc., v. STATE et al.**

No. 23142.    Feb. 26, 1935.

George M. Nicholson, for plaintiff in error.

Ralph Thompson and Edwin Dabney, Proration Atty., for defendants in error.

PHELPS, J. The proration umpire filed a complaint against Hall & Briscoe, Inc., charging violations of orders of the Commission, No. 5369 and No. 5374, in that said company allowed its oil well in the Oklahoma City field to flow and produce oil from December 26, 1930, to January 17, 1931, the same being contrary to the provisions of said order concerning the period of time set forth therein in which a well should remain shut down, following its first production. Separate affidavits and complaints were lodged as to each day on which the well was allowed to flow, but by stipulation the parties tried the instant cause and agreed that the entire 22 causes should be controlled before the Commission and in the Supreme Court by the order and judgment finally prevailing in this cause. The Corporation Commission found the defendant guilty and assessed a fine of $200; accordingly, the same fine applies to each a the other causes, resulting in a total fine of $4,400.

Among other things urged by appellant, it is insisted that the orders of the Commission made for the period in question are void, since they were made without notice.

A stipulation filed in this court by the parties hereto is to the effect that the issues of law and fact in this case are identical with those in the case of H. F. Wilcox Oil & Gas Co. v. Walker et al., 169 Okla. 33, 35 P. (2d) 893, which opinion was filed September 11, 1934, subsequent to the filing of the appeal and briefs herein. It is further stipulated that the decision in that case is governing in this case.

Therefore, upon the authority of said case, the orders of the Corporation Commission in its causes Nos. 10521, 10522, 10523, 10524, 10525, 10526, 10527, 10532, 10533, 10534, 10535, 10536, 10537, 10538, 10539, 10540,

10541, 10542, 10543, 10544, 10545, and 10546, fining the appellant $200 in each of said causes, are vacated and the cause remanded, with directions to dismiss the same.

McNEILL, C. J., and RILEY, BUSBY, and GIBSON, JJ., concur.