## JARECKI MANUFACTURING CO. v. FLEMING.

No. 26536. Jan. 26, 1937.

M. A. Dennis and W. C. Alley, for plaintiff in error.

Cochran & Noble and John L. Norman, for defendant in error.

HURST, J. This is the fourth time this case has reached this court. ·The record shows that on November 28, 1924, the plaintiff, Ed Fleming, recovered a judgment against the defendant in a replevin action for possession of a string of drilling tools and for $300 damages for the detention of said tools and fixing the value of the property at $1,200. The defendant appealed to this court, and the judgment was affirmed. Jarecki Mfg. Co. v. Fleming, 123 Okla. 147, 252 P. 17.

The case was remanded to the lower court, and on the 8th day of February, 1927, an execution was issued upon the judgment. The defendant filed a motion to recall said execution, which motion was overruled by the court, and again the defendant appealed to this court, and again the judgment was affirmed and the case remanded to the lower court. Jarecki Mfg. Co. v. Fleming, 130 Okla. 95, 265 P. 628.

It appears that the execution which had been issued on February 8, 1927, had been lost and had never been returned by the sheriff, and after the case had been remanded the plaintiff filed a motion for an alias execution, and the defendant filed a response to

same in which he claimed that he had tendered the property to the plaintiff. The court sustained plaintiff's motion for a general alias execution for $1,200, the value of the property fixed by the jury, and again the defendant appealed to this court, and again the judgment of the lower court was affirmed. Jarecki Mfg. Co. v. Fleming, 170 Okla. 70, 38 P. (2d) 925.

The case was remanded to the lower court on the 9th day of January, 1935, another general alias execution was issued and placed in the hands of the sheriff. The defendant filed a motion to recall said alias execution on the ground that more than seven years had elapsed since the issuance of the last execution, that the judgment had not been revived, that the judgment was barred by the statute of limitations, and that the execution was therefore void. The court overruled defendant's motion, and from that order this appeal is taken.

It is conceded by plaintiff that no execution was issued upon the judgment between the 8th day of February, 1927, and the 9th day of January, 1935, but plaintiff claims that the statute of limitations was tolled during the time the defendant had, by its many appeals, prevented the issuance of an execution. Each time the defendant appealed it executed a supersedeas bond, thereby staying execution pending appeal.

Under the foregoing facts, the sole question for decision is whether a judgment debtor can by repeated appeals, in each instance superseding the judgment or order appealed from, prevent the judgment creditor from enforcing the judgment until after the judgment would become dormant but for such appeals, and then prevent enforcement of the judgment on the theory that it is dormant. While this court does not seem to have passed upon this question, we hold on both reason and authority that he cannot. The statute was tolled during the time the plaintiff was so prevented from enforcing his judgment. 37 C. J. 1041, 1048; Ware v. Pleasant Grove Township (Kan.) 59 P. 1089; Hutchinson v. Hutchinson (Kan.) 141 P. 589; Campbell v. Durant (Kan.) 202 P. 841. This court has held that an appeal does not toll the statute where the judgment appealed from is not superseded. Bank of Stockham v. Weins (1903) 12 Okla. 502, 71 P. 1073. The judgment is affirmed.

Plaintiff has called our attention to the fact that the defendant executed a supersedeas bond which is set forth in the record, and prays for judgment against the surety on said bond, the Hartford Accident & Indemnity Company. The motion for judgment against the surety is sustained, and it is ordered that the plaintiff recover of and from the Jarecki Manufacturing Company and the Hartford Accident & Insurance Company of Hartford, Conn., the sum of $1,200, with interest thereon at the rate of 6 per cent. per annum from the 28th day of November, 1924, and for the costs of this action, including all costs made in both the district and the Supreme Court, and the case is hereby remanded to the district court of Okmulgee county, with directions to the court clerk of that county to issue a general alias execution commanding the sheriff to collect the same from said corporations, or either of them.

OSBORN, C. J., BAYLESS, V. C. J., and BUSBY and GIBSON, JJ., concur.