## JOHNSON et al. v. JOHNSON et al.

No. 28010.    March 22, 1938.

Sigler & Jackson, for plaintiffs in error.

Twyford & Smith, William J. Crowe, and Stephen A. George, for defendants in error.

BAYLESS, V. C. J.    Virginia Johnson, nee Pettis, was allotted the land involved in this action, and, in 1913, executed a deed to the land to Don A. Cochran, who later conveyed to others. Thereafter she commenced an action in the district court of Carter county, alleging that she was in possession of said land and owned the same, and in this action she sought to quiet her title. January 24, 1918, judgment was rendered in said action against her, wherein it was decreed that she had no title to said land and that she be ousted from the possession thereof.

She appealed from this judgment, and the decision of this court against her on the appeal is reported as Johnson v. Johnston, 82 Okla. 259, 200 P. 204. The mandate of this court was issued and filed in the trial court, and in November, 1921, said mandate was spread of record. Thereafter, in an independent suit, judgment was taken against the sureties upon her appeal bond. Nothing was done toward enforcing the judgment against her ousting her from the premises, after the mandate was spread of record. March 16, 1936, she commenced an action in the district court of Carter county against Earl T. Johnson et al., who claim under the successful defendant in the former action, and in her petition she alleged that she was the owner of and in possession of the land heretofore mentioned, and sought to quiet her title. In short, it may be stated that the basis of her title asserted in the last action is prescription. In other words, she contends that she has been in the open, notorious, adverse, and continuous possession of said land for more than 15 years. The defendants asserted several defenses, but we believe the question of fact relating to continuous possession is the controlling issue in the determination of this matter, and for that reason we do not notice all of the grounds of defense. It is sufficient to say that they deny her allegations of adverse, continuous possession. After trial, judgment was again rendered against her, and she appeals.

Several questions are presented in the brief of the plaintiff, but we believe there is one issue which submerges all others, and if that issue is properly to be determined against her, the others do not matter. That question is whether she had shown 15 years' open, notorious, adverse, and continuous possession of the property at the time she filed this action. Section 99, O. S. 1931, subdivision 4, and section 11729, O. S. 1931.

There is a conflict in the testimony of the witnesses regarding the fact of possession. The plaintiff and her witnesses testified to possession by plaintiff through her tenants and actually since before the former action. The witnesses of defendants testified to facts designed to show that on certain occasions there was no one occupying the land or exercising dominion over it on plaintiff's behalf. Despite this conflict, we believe that the evidence makes it reasonably clear that plaintiff's claim to possession is sustained. As between the parties to this action and their privies, plaintiff has actually detained

the land adversely at all times, except one to be mentioned hereafter.

The controversy now narrows itself to the issue of whether this adverse possession had been interrupted within the 15 years immediately preceding the bringing of this action. If it has, she cannot prevail.

Plaintiff recognizes the necessity of making this showing. The facts are: April 13, 1917, she instituted the first action, and in the petition she alleged, in substance, ownership and possession; that Cochran obtained a deed from her which was void for two stated reasons; and that said deed constituted a cloud on her title and should be canceled and removed. To this petition the defendants in that action, successors to Cochran's rights, denied generally the allegations of the petition, admitted her previous ownership, and denied the alleged grounds of invalidity of the deed. Upon trial the judgment of the court was against plaintiff, adjudging (1) that she take nothing by her petition; (2) that the title of defendants be quieted as against her; and (3) that defendants were entitled to possession. The plaintiff duly appealed to this court and superseded the judgment as provided by law. During the pendency of the appeal, the trial court issued a writ of assistance in the matter by virtue of which the plaintiff was ousted from possession. She thereupon filed an application in the pending appeal wherein she recited these things, and stated:

"The plaintiff says by reason of the execution of said bond aforesaid and its approval aforesaid she had the right to remain in possession of said land until after the cause was heard in this court."

This court thereupon issued an order recalling or quashing the writ of assistance and directing that she be reinstated to the possession of the property. Thus when her opponents attempted to avail themselves of the judgment in their favor, they were restrained by a paramount authority. This paramount authority—the law—was induced to act in her favor because of the protection it had afforded her by virtue of the supersedeas bond, and not because of her claim of title.

In our opinion, the continuity of her adverse possession was broken. The general rule is that the bringing of an action involving the title to the land will interrupt the running of the statute of limitations. 1 Am. Jur. 891, sec. 170, and 2 C. J. S. Adverse Possession, p. 723, sec. 153 et seq. It is proper to say at this point that this particular issue seems to be new in this state, and that the decisions of the courts of other states are not harmonious.

However, in respect of what we consider the controlling factor herein, there is no conflict in the decisions. The rule has been stated in Ann. Cas. 1914C, 1183:

"* * * Whenever a person is prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right."

See, also, Holmgren v. Isaacson, 104 Minn. 84, 116 N. W. 205; St. P., M. & M. Ry. Co. v. Olson, 87 Minn. 117, 91 N. W. 294, 94 Am. St. Rep. 693; 17 R. C. L. 875, sec. 231; and 21 A. L. R. 1054.

The plaintiff instituted her first action in 1917. The judgment in 1918 was against her. The trial court and her opponents were restrained from the time she gave her supersedeas bond. The decision of this court in 1921 was against her, and the mandate was put on record in November, 1921, at which time the restraint against the trial court and her opponents was lifted. Therefore, in any event, her opponents were restrained by paramount authority from 1918 to 1921 from asserting their rights against her. This restraint was more than a mere legal theory or fiction, as the plaintiff herself demonstrated by interfering with their efforts to oust her. Her opponents were helpless during the appeal.

Therefore, the continuity of plaintiff's adverse possession was interrupted and did not begin anew until after the spreading of the mandate of record in November, 1921. Therefore, plaintiff did not show as much as 15 years' open, notorious, adverse, and continuous possession as of March 16, 1936, when she filed this action.

Plaintiff asserts that the former action and judgment do not constitute res adjudicata nor work an estoppel against her, because the right of possession of this property was not involved in the former action. In reliance upon this she cites the general rules stated in 24 Am. & Eng. Enc. of Law, 784, and Freeman on Judgments, vol. 2, page 1434, sec. 679, and page 1501, sec. 712.

Without stopping to review the cases cited in those works, it seems to us that those rules are not applicable here, as they proceed upon the hypothesis that the issue of the right of possession was one which plain-

tiff could, and did, withhold from the consideration of the courts in the former action. This is not true. In Oklahoma possession is nearly always involved in actions to quiet title. Only a few instances occur to us when it is not involved, such as when vacant and unoccupied lands are involved (Christy v. Springs, 11 Okla. 710, 69 P. 864); when one such as a remainderman not yet entitled to possession seeks to establish title (Marshall v. Ward, 167 Okla. 183, 28 P.2d 1091). Neither of these instances applies here. Generally, under our procedure one must be in possession or must seek possession when it is sought to establish title. Section 591, O. S. 1931, and cases cited in the annotations thereunder. The action is statutory, but is governed by equitable procedure and principles. The following from the opinion in Wilson v. Bombeck, 38 Okla. 498, 134 P. 382, covers this point:

"Speaking of his first contention, counsel says: 'As above stated, beyond question the plaintiff took the position that this was an action of ejectment, and tried the case once upon that theory, and continued to take this position until the 5th day of March, 1909, when he filed his motion to try the cause as one in equity and not ejectment. The court had treated the action as one for the recovery of real estate up to that time, and overruled the motion upon the ground that plaintiff had taken the position throughout the trial that the action was one in ejectment and could not, therefore, change position in the trial of the same cause, taking a position inconsistent with his former position.' Strictly speaking, this is not an action in ejectment. From its inception it has been a statutory action for the recovery of real property, commenced by a plaintiff who seeks to recover on the strength of a paramount equitable title against a defendant holding the legal title. Section 6121, Comp. L. 1909."

It is also well recognized that once a court of equity has acquired jurisdiction of the action, it can proceed to determine all of the issues in controversy between the parties relating to the subject matter of the action.

In that case plaintiff pleaded that she was the owner and was in possession of the property. The defendants denied this, although they did not ask specifically for possession. The trial court treated the action as being one to quiet title and for possession, and rendered judgment accordingly. This is evidenced by the journal entry of judgment and the recitals of the appeal bond. If the trial court erred in extending the judgment beyond the issues actually involved, no complaint was made by plaintiff in the former appeal. It is now too late.

It is our opinion that the issue of the right of possession was involved in the former action, and was disposed of therein contrary to plaintiff, and the former judgment constitutes res judicata and works an estoppel against setting the same up in this action.

The judgment of the trial court is affirmed.

OSBORN, C. J., and WELCH, PHELPS, and HURST, JJ., concur.