LANDMAN v. DU BOIS et al.

No. 30776. Oct. 6, 1942.

Rehearing Denied Nov. 17, 1942.

*133 P. 2d 193.*

Norman M. Littell, Asst. Atty. General, Dept. of Justice, of Washington, D. C., Cleon A. Summers, United States Atty., of Muskogee, Charles N. Champion, Asst. United States Atty., of Muskogee, and Norman MacDonald and Vernon L. Wilkinson, Attys., Dept. of Justice, both of Washington, D. C., for plaintiff in error.

H. A. Ledbetter and Sigler & Jackson, all of Ardmore, for defendants in error.

DAVISON, J. This is a civil contempt proceeding instituted on July 25, 1940, in the district court of Carter county upon the verified application of T. H. DuBois and Robert E. Lee, as judgment creditors, against A. M. Landman, Superintendent of the Five Civilized Tribes, and F. W. Sunderwirth, successor to D. Buddress as cashier and special disbursing officer for the Five Civilized Tribes, as garnishees, for their alleged neglect and refusal to comply with a prior order of the court directing them, as garnishees, to pay into court for application on a judgment certain funds belonging to the judgment debtors, alleged to be in the hands of the garnishees and subject to their control.

The proceeding was abandoned as to F. W. Sunderwirth, but proceeded to trial before a jury as to A. M. Landman, who was found guilty of contempt and ordered committed to jail until he should comply with the order.

Landman has appealed, appearing herein as plaintiff in error. DuBois and Lee appear before us as defendants in error. In this opinion the parties will be referred to as appellant and appellees, respectively, when not otherwise designated.

The judgment which is sought to be satisfied in whole or in part through ancillary process is for $30,791.80. It was entered by the district court of Carter county on January 16, 1928, against Nellie Stechi, now deceased.

The fund sought to be applied in partial satisfaction of the judgment debt is approximately $11,000, and is subject to disbursement by the appellant herein upon order of the Secretary of Interior. Which one of these persons exercises control and is authorized to

disburse the money is one phase of the dispute in this case.

The appellant takes the position that whatever possession, custody, and control he has of the fund arises out of his official position, and that in his official capacity as an officer of the Federal Government he is not subject to garnishment.

As a general proposition his position is well sustained by judicial precedent. In Manwell v. Grimes, 48 Okla. 72, 149 P. 1182, the holding of this court as expressed in paragraph 1 of the syllabus was:

"On the grounds of public policy, the government of the United States and officers and agents thereof, and the governments of the several states and their officers and agents, are exempt from the process of garnishment."

In White v. Wright, 151 Okla. 93, 1 P. 2d 668, we reiterated the foregoing rule and in connection with its application directed attention to 12 O. S. 1941 § 1186 (then 368, C.O.S. 1921), reading in part:

"No judgment shall be rendered upon a liability of the garnishee arising: . . .

"Third. By reason of any money in his hands as a public officer, and for which he is accountable to the defendant merely as such officer."

In our discussion in White v. Wright, supra, we pointed out that:

". . . the statute literally presupposes an existing liability, but still denies the right to subject it to garnishment . . ."

Our holding in the foregoing cases is in accord with the prevailing view in other jurisdictions. 4 Am. Jur. 64.

The rule is, of course, subject to exceptions created by valid legislative enactment. But no such statutory exception is here invoked.

The appellees do say, however, that these funds have been previously adjudicated to be subject to garnishment to satisfy this particular judgment. Upon this point they call our attention to adjudicated cases dealing with various aspects of this particular litigation. In this connection and at this point it is appropriate to note that the case at bar constitutes another phase of a controversy which has on prior occasions claimed the attention of this and other courts. Lee v. Epperson, 168 Okla. 220, 32 P. 2d 309; Lewis v. Lee, 159 Okla. 257, 15 P. 2d 3; Stechi v. Lee, 145 Okla. 41, 291 P. 50; United States v. Lee, 24 Fed. Supp. 814; United States v. Lee, 108 Fed. 2d 936.

We are also advised that on March 6, 1941, the appellees instituted an action in the United States District Court for the District of Columbia seeking to compel the Secretary of Interior to pay their state court judgment out of funds in his possession and control. We are likewise advised that they have obtained a favorable decision in that court which is now being presented for review on appeal.

A complete restatement of the history of the litigation would add materially to the length of this opinion and would be unwarranted in connection with the questions which we are herein called upon to decide. It is sufficient that we herein allude to those features of the case which most directly bear on the questions now before us. More detailed information, if desired, is available by a review of the prior reported decisions mentioned, supra.

The appellees, as we stated above, take the position that the question now before us, relating to the power of a state court to subject funds to garnishment even though they are in the hands of an officer or agent of the Federal Government, has been previously and finally determined by the foregoing cases. They rely especially upon United States v. Lee, supra. The argument in effect is that even though the general rule precludes garnishment, that ancillary remedy should be available herein upon consideration of the principle of res adjudicata.

We do not construe the decision relied upon to have the force attributed to it.

The validity of the basic judgment of the district court of Carter county was therein recognized and it was determined that the funds under the control of the federal officers were unrestricted and could be applied to the satisfaction of that judgment. The question of remedial law relating to garnishment was not therein decided. The decision did not prevent the state court from acting in the ancillary proceeding nor did it authorize it to act. The inhibition, if it exists, arises from the law itself and is not by reason of the decision.

Appellees' misconception of the force and effect of the decision of the Federal Court of Appeals reported in United States v. Lee, supra, is quite clear when an examination of subsequent proceedings in that court is made. The record before us discloses that on July 6, 1940, application was made in that court to require the Secretary of Interior to show cause why he should not be compelled to apply the funds to the judgment debt. In denying the application it was said in a memorandum opinion:

". . . Having reached the opinion that the Secretary of the Interior is not a party to this action, it follows that that portion of the judgment directing him to do certain things exceeds the power of this court and is invalid. This court does not have independent jurisdiction of a mandamus action against the Secretary of the Interior, and in effect that is the nature of the remedy sought herein by the movant. . . . Mandamus, or a suit in the nature of mandamus, in a proper forum is available to the defendants to require the Secretary of the Interior to pay these judgments or so much thereof as may be paid out of the funds collected from the lands in question and which funds were unrestricted and are now unrestricted. United States v. Ickes, supra. Mandamus, however, must be brought in the proper forum, and this is not the proper forum in which to bring a mandamus action against the Secretary of the Interior.

"The motion of Ledbetter, trustee, to require the Secretary to appear in this court and show cause why he has not paid the judgment is therefore denied."

Reconsideration of the foregoing disposition was later requested and denied.

It is thus apparent that the previous decision did not dispose of the controversy now before us. It would then appear that our disposition of this case is governed by the rule of Manwell v. Grimes, supra, and White v. Wright, supra, unless those cases are distinguishable. The appellees say they are, for the asserted reason that the funds there were restricted whereas they are unrestricted in the case at bar. The distinction asserted is not material. The bar is to the ancillary remedy and prevents the use of the process to make application of the funds to the judgment, even though the funds should be applied in satisfaction thereof. The rule applies when and if the funds are in the hands of the public officer or agent in his official capacity. See Buchanan v. Alexander, 4 Howard, 20, 11 L. Ed. 857; Federal Housing Administration v. Burr, 309 U. S. 242, 84 L. Ed. 724; 4 Am. Jur. 641, para. 142, Garnishment (cited, supra). Notice, also, annotation 114 A.L.R. 261.

In Manwell v. Grimes, supra, we said:

". . . We here lay down the general rule applicable to all the funds, of any kind and nature, in the hands of the garnishee, that they are not subject to garnishment, and that the garnishee, Buntin, being a government officer, and holding said funds as such, is not subject to the process of garnishment. . . ."

The general rule thus announced is here applicable, unless we should determine the funds herein involved were or are in the hands of the appellant as an individual rather than as an official. The appellees take the position as an alternative that a major portion of the funds were so held. This position is presented on the basis of the fact that a portion of the funds were previously in the hands of a private corporation and that the appellees agreed that they be turned over to the appellant pending the final outcome of the litigation between the parties. Notwithstanding this consent

on the part of the appellees, it is apparent that the portion of the fund involved was paid to and received by the appellant in his official capacity rather than as an individual. This view is in accord with the evidence now before us and is further supported by action of the appellees themselves in seeking an order from the Federal Circuit Court of Appeals to direct the Secretary of Interior (who is not being proceeded against in this garnishment) to pay the money into court and in pursuing this remedy against the Secretary of Interior before the Federal Court in the District of Columbia.

What we have said disposes of this case as presented. However, there is brief allusion to one other point which deserves passing mention. The appellant herein did not answer prior to the entry of the order directing him to pay in the money, which order he is being charged with disregarding. That order was entered in a somewhat irregular manner. The appellant upon receiving the garnishment process wrote a letter to the judgment creditors outlining the funds in the possession or control of himself or the government. The letter was not an answer in garnishment. However, it was presented to the district court of Carter county, which by order attempted to make it such and thereupon ordered the appellant to pay in the money. Whether such a procedure could constitute the basis of a valid order of the character now before us will not be herein treated, since the appellees do not seek to support the contempt proceeding on the theory that the order of garnishment, not having been disturbed on appeal therefrom or other direct attack, forecloses inquiry (in a subsequent contempt proceeding) into the question of the authority to issue garnishment process against a federal officer. It is apparently conceded that the order was void (as distinguished from voidable when directly attacked) if the funds were held by appellant in his official capacity, if he was not subject to garnishment and if the previous reported decisions in connection with the case did not adjudicate the validity of the garnishment order. We therefore express no opinion on the effect of the manner in which the garnishment order was obtained, nor of the application of the principles of res adjudicata to an order in garnishment, when subsequently challenged in a contempt proceeding. The order being void when viewed from the standpoint from which the case is briefed, the appellant could not be punished for refusal to comply therewith. H. F. Wilcox Oil & Gas Co. v. Walker, 169 Okla. 33, 35 P. 2d 893.

The basis of our decision is such that it is unnecessary for us to discuss or decide whether the appellant or the Secretary of Interior exercises control of the fund here involved.

The cause is reversed and remanded, with directions to dismiss the contempt proceedings.

RILEY, OSBORN, BAYLESS, GIBSON, HURST, and ARNOLD, JJ., concur. WELCH, C. J., and CORN, V.C.J., absent.