DON HUDDLESTON CONSTRUCTION COMPANY, an Oklahoma Corporation and Don Huddleston, an individual, Appellants,

v.

UNITED BANK AND TRUST COMPANY OF NORMAN, OKLAHOMA, Defendant/Third–Party Plaintiff,

Bill Sexton and Joann Sexton, husband and wife, and Sexton Southern Hills, Inc., Appellees.

No. 86113.

Court of Civil Appeals of Oklahoma, Division No. 3.

Nov. 15, 1996.

Certiorari Denied Feb. 4, 1997.

Philip W. Redwine, Timothy Zahniser, Norman, for Appellants.

Barry K. Roberts, Warren H. Ellis, Norman, for Appellees.

## MEMORANDUM OPINION

CARL B. JONES, Presiding Judge:

The dispositive issue in this appeal is whether the one year "savings" period of 12 O.S. 1991 § 100 is tolled by the automatic stay imposed by the filing of a petition in bankruptcy. Following a non-jury trial, the trial court found § 100 was not tolled by the bankruptcy and found Plaintiffs'/Appellants' claims to be barred as being outside the one year refiling period of § 100. Appellants' action was ordered dismissed. A Motion for New Trial was denied and this appeal resulted.

For purposes of this appeal, the facts are not in dispute. Appellants (Huddlestons) and Appellees (Sextons) entered into an oral agreement whereby Huddleston would install water lines in two subdivisions which were being developed by Sextons. The work was completed in July, 1983. When satisfactory payment was not forthcoming Huddleston filed suit in April, 1986, within the three year limitations period for breach of contracts not in writing. See 12 O.S. 1991 § 95(2). In October, 1996, Bill and Joann Sexton filed for bankruptcy. On February 10, 1987, Appellants dismissed Bill and Joann Sexton from the underlying suit without prejudice and proceeded against the other Defendant, Sexton Southern Hills, Inc., which had not sought bankruptcy protection. In February, 1987, judgment was entered against Sexton Southern Hills, Inc. for $83,488.00. The Sextons dismissed their first bankruptcy on May 10, 1988, but filed a second bankruptcy the following day. In July, 1989, Huddleston sued United Bank and Trust Company on claims related to those against the Sextons. The Sextons' second bankruptcy was dismissed on November 21, 1989. Both Hud-

dleston and the bank then moved to add the Sextons as parties defendant. The Sextons were added to the case both as third-party defendants pursuant to the Bank's motion and as defendants on March 1, 1990, pursuant to Huddlestons' February 22, 1990 motion. The claims involving the Bank were eventually settled prior to trial and the Bank is not a party to this appeal.

■ This review requires an interpretation of 12 O.S. 1991 § 100[1] and 11 U.S.C. § 108(c).[2] Such contested issues of law are reviewable by a *de novo* standard. *Hernandez v. United Supermarkets of Okla., Inc.,* 882 P.2d 84, 86 (Okla.App.1994); *First Nat'l Bank & Trust v. McKown,* 867 P.2d 1342, 1345 (Okla.App.1993).

Appellants contend they had one year pursuant to § 100 to reassert their claims against the Sextons after the dismissal of the Sextons' bankruptcy. If so, their claims were timely reasserted. Ordinarily, § 100 allows one year in which to refile after the first dismissal without prejudice. Here, however, refiling could not be accomplished within one year of the dismissal because of the Sextons' bankruptcy and the preclusion imposed by the automatic stay of 11 U.S.C. § 362(a). Section 100, Appellants contend, is a statute of limitation which is tolled during the pendency of the bankruptcy.

Appellees, the Sextons, contend § 100 was not tolled by the bankruptcy stay. The one year "savings" period provided therein would thus have expired in February, 1988, while the bankruptcy stay was still in effect and more than two years prior to the refiling of Appellants' claims. The bankruptcy code anticipates this possibility of limitations periods running on creditors while their debtors are under the protection of the bankruptcy stay. Thus, § 108 of the bankruptcy code provides that, "... if applicable nonbankruptcy law fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, ... and such period has not expired before the date of the filing of the [bankruptcy] petition, then such period does not expire until the later of—

(1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or

(2) 30 days after notice of the termination or expiration of the stay ...".

Appellees argue that even though the one year "savings" period had expired, Appellants could still have timely reasserted their claims within thirty days after notice of the dismissal of the bankruptcy. Because the refiling was approximately two months later than that, Appellees believe the trial court properly found Appellants' claims to be barred.

The crux issues are whether the one year refiling period of 12 O.S. § 100 is "a period for commencing or continuing a civil action" as described in 11 U.S.C. § 108(c) and, if so, whether that period was tolled by the bankruptcy stay.

■ There is no doubt that the one year refiling period allowed by § 100 qualifies as a "period for commencing or continuing a civil action". In construing § 100, our Supreme Court has described it as a general statute of limitations which serves solely to extend the

---

**1.** 12 O.S. 1991 § 100 provides:
   "If any action is commenced within due time, and a judgment thereon for the plaintiff is reversed, or if the plaintiff fail in such action otherwise than upon the merits, the plaintiff, or, if he should die, and the cause of action survive, his representatives may commence a new action within one (1) year after the reversal or failure although the time limit for commencing the action shall have expired before the new action is filed."

**2.** 11 U.S.C. § 108(c) provides:
   "Except as provided in section 524 of this title, if applicable nonbankruptcy law, an order entered in a nonbankruptcy proceeding, or an agreement fixes a period for commencing or continuing a civil action in a court other than a bankruptcy court on a claim against the debtor, or against an individual with respect to which such individual is protected under section 1301 of this title, and such period has not expired before the date of the filing of the petition, then such period does not expire until the later of—
   (1) the end of such period, including any suspension of such period occurring on or after the commencement of the case; or
   (2) 30 days after the termination or expiration of the stay under section 362, 922, or 1301 of this title, as the case may be, with respect to such claim."

applicable statutory limitation period. *Ross v. Kelsey Hayes, Inc.*, 825 P.2d 1273, 1278–79 (Okla.1991); *Estate of Speake,* 743 P.2d 648 (Okla.1987). Section 100's applicability to 11 U.S.C. 108(c) should thus be no different than that of any other limitations period as a matter of state law.

■ As a statute of limitation, is the one year refiling period tolled or suspended by the bankruptcy stay? This precise question has not been answered by our Supreme Court. It has been held, however, that the running of another statute of limitation, that applicable to an action to vacate a judgment, was tolled by the judgment debtor's filing of a bankruptcy petition. *State, ex rel. Commissioners of Land Office v. Jones,* 198 Okla. 187, 176 P.2d 992, 998–99 (1947). Other cases have held statutes of limitation to be tolled where other legal restraints precluded the filing of an action. E.g. *Rucks–Brandt Const. Corp. v. Silver,* 194 Okla. 324, 151 P.2d 399 (1944) (injunction); *Lee v. Epperson,* 168 Okla. 220, 32 P.2d 309 (1934) (restraining order); *Dearing v. Commissioners of Land Office,* 808 P.2d 661 (Okla.1991) (a court order that plaintiffs had no title to the minerals under certain land tolled running of limitations period to bring quiet title action); *Jarecki Mfg. Co. v. Fleming,* 179 Okla. 62, 64 P.2d 659 (1937) (appeal by judgment debtor tolls period in which judgment creditor may enforce judgment); *McGee v. Kirby,* 189 Okla. 488, 118 P.2d 199 (1941) (liquidation of a building and loan association tolled the running of its limitations period to sue on a note in default); *Johnson v. Johnson,* 182 Okla. 293, 77 P.2d 745 (1938) (appeal tolled period in which owners of property could eject adverse possessor).

The common thread of these cases is that, "[w]henever a person is prevented from exercising his legal remedy by some paramount authority, the time during which he is thus prevented is not to be counted against him in determining whether the statute of limitations has barred his right." *Johnson v. Johnson,* supra, Syllabus by the Court no. 2;

*McGee v. Kirby,* supra 118 P.2d at 200. This statement of common law is just as applicable to the one year refiling period of § 100 as it is to any other statute of limitation.

■ This issue has been recently addressed in *Statewide Funding Corp. v. Winifred Reed,* 925 P.2d 578, (Okla.App.1996), 67 OBJ 3308, and there the majority opinion, read together with the dissent, illustrate the conclusion reached in this cause. That is, the bankruptcy statute does not, in and of itself, stay the running of any statutory periods (here § 100) but that under state law the limitation period may be tolled and the bankruptcy statute does not have the effect of precluding this. However, Appellee is correct in noting that the majority view is that the bankruptcy stay and § 108(c) do not, as a matter of Federal law, operate to toll a limitation period, as distinguished from simply allowing an extra thirty day period. The minority view, as illustrated by *In re Carolina Steel,* 179 B.R. 413 (Bankr.S.D.N.Y. 1995), and *In re Morton,* 866 F.2d 561, at 565, (2nd Cir.1989) is that the bankruptcy act *in and of itself,* acts to toll the limitations period:

> [w]e turn now to the question of whether congress, by enacting 11 U.S.C. § 108(c), acted to protect liens and other enforcement proceedings against the running of limitation periods during the time when the automatic stay is in effect. We hold that congress did so act, and that § 108(c) thus tolls New York's ten-year period until the automatic stay is terminated.

■ Thus, this court rejects the proposition that the *bankruptcy provision* under consideration *causes* the state limitation provision to be tolled but recognizes that § 108(c)(1) does recognize that state law may suspend the running of the period by stating "such period does not expire until the later of—(1) the end of such period, *including any suspension of such period* . . .". The conclusion of this case is dictated by the general principle that Oklahoma law prevents the running of the period set forth in § 100.[3]

---

3. Where "the law restrains one of the parties from exercising a legal remedy against another, the running of the statute of limitations applicable to the remedy is postponed, or if it has commenced to run, is suspended, during the time the restraint incident to the proceedings continues." *Lee v. Epperson,* 168 Okla. 220, 32 P.2d 309 (1934).

948

The refiling period thus did not begin to run against Appellants until the restraint of the bankruptcy stay was lifted with the dismissal of the bankruptcy case. The subsequent reassertion of Appellants' claim was then well within the one year refiling period.

The trial court erred in finding Appellants' claims barred. That order is accordingly reversed and this cause remanded for the further proceedings necessitated hereby. Finally, although Appellants raised additional grounds for reversal, those grounds are now moot and need not be addressed.

REVERSED AND REMANDED.

GARRETT, J., and ADAMS, V.C.J., concur.